RALSTON *vs.* STRONG.

A writ of replevin provided for by the 42d section of the judiciary act, must be directed to the Sheriff of the County or his deputy, and if such writ be directed to a constable, it is void, and no one can justify under it.

A declaration defective in point of form, may be aided by the plea, but is not aided by the plea, if defective in matter of substance, unless the matter omitted in the declaration, be admitted by the plea.

THIS was an action on the case, brought by the plaintiff, Ralston against William Strong, formerly Sheriff of Windsor County. The declaration set forth, that the plaintiff, Alexander Ralston, on the 15th day of November, 1810, prayed out a writ of attachment in his favor against —— Gove of Montpelier, in the County of Washington, returnable to the County Court, holden at Woodstock, in, and for the County of Windsor, in March, 1811. And delivered the same writ to the said William Strong, then Sheriff of said County of Windsor, to serve and return according to law. "That on the same 15th day of November, 1810, the said William Strong, so being Sheriff, as aforesaid, made return of said writ, that he had attached thereon the following goods, turned out to him by the plaintiff, to wit : (describing the goods) all which appears by the return of said Strong. And such proceedings were had, that, at the September term of said County Court, 1812, the plaintiff recovered judgment against the said Gove for the sum of $58,30 damages, and $22,52 costs of suit. And on the 29th day of September, 1812, the plaintiff took out a writ of execution on said judgment, signed by Benjamin Swan, Clerk of said Court, dated the day and year last aforesaid, and directed to the Sheriff of the County of Windsor &c. And the said writ of execution was, within thirty days from the rendition of said judgment, put into the hands of Pascal P. Enos, then Sheriff of said County of Windsor, to be by him levied, collected and returned according to law. And on the 27th day of November, 1812, the said Pascal P. Enos, as Sheriff as aforesaid, made his return on said execution, that he had made diligent search for the body and property, of the said Gove, whereon to levy the said execution, and could not find the same ; and that he had demanded of said Strong the property aforesaid, which was attached on the original writ, and that the said Strong neglected and refused to turn out said property."

*Windsor,*
August.
1814.

Ralston
*vs*
Strong.

The defendant pleaded in bar, " That the said Alexander Rals‑ ton, from having and maintaining his said action thereof against him the defendant ought to be barred, because he says, that after the attachment of said goods and chattels described in the plaintiff's declaration, and while the same were in the custody of the said William Strong, to wit, on the 27th day of November, 1810, the said Gove prayed out his writ of replevin, in due form of law, bear‑ ing date the same day and year last aforesaid, and signed by Benja‑ min Swan, Clerk of the County Court, for said County of Windsor, and directed to either constable of Bethel in said County of Wind‑ sor ; and describing said goods and chattels, so attached, as the plaintiff in his said writ has set forth, and reciting that the same had been attached at the suit of the said Alexander Ralston, and com‑ manding him, that if the said Gove, should execute a bond to the said Ralston, in the penal sum of $200, with sufficient surety or sureties, conditioned according to the form prescribed by law, to cause said goods and chattels, so attached as aforesaid to be replev‑ ied, and deliver the same to the said Gove ; and to make return of said writ, together with the bond executed, as aforesaid, to the same Court to which the said writ of attachment was made returnable, to wit, to the County Court then next to be holden at Woodstock, within and for the County of Windsor, on the third Monday of March, then next.   And the said Gove at Bethel aforesaid, deliver‑ ed the said writ of replevin, to Daniel Lilley, a constable of said Bethel, for him to serve and return according to law, and the pre‑ cept therein contained."   The plea then proceeds to state, that the constable received the said writ of replevin, that said Gove execu‑ ted a bond to the plaintiff, Ralston, in the penal sum of $ ·00, with a good and sufficient surety, according to the precept of said writ, with a condition annexed as required by law, which condition is set forth at large.   And that the constable replevied the goods, then in the possession of Strong, the Sheriff, the now defendant, and delivered them to said Gove, and returned the writ and bond, as di‑ rected.

To this plea there was a demurrer and joinder.

*C. Marsh,* for the plaintiff.   The plea in bar, in this case is wholly insufficient.   Had the defendant stated in his plea, that the property which had been attached at the plaintiff's suit, and which

the law had placed in his custody for the purpose of satisfying the judgment, which should be recovered in that suit, had been legally taken out of his custody, it would have been a good discharge against the plaintiff's demand.    But the writ of replevin was not legally issued or legally executed, having been directed to a Consta- ble, and by him served—an officer not authorised by law to serve writs of replevin.    This kind of replevin is given by statute, to enable a debtor whose property has been attached on mesne process, to repossess himself of the property, by giving good and sufficient security to the creditor.    This special process is given by the 46th Section of the Judiciary Act, which requires that the writ of replevin in such case shall be directed to the Sheriff or his deputy.    And, as the law giving the process requires that it be directed to the Sheriff or his deputy; and, as no officer can serve a process, unless it be directed to him, it is the same as though it had been enacted that this particular process shall not be directed to a Constable, and that a Constable shall not have power to serve it.    And this was done with good reason; for the officer serving the writ of replevin is required to take a bond to the attaching creditor, with good and sufficient sureties, of which he is made the judge, and for whose sufficiency he is made responsible, conditioned that the debtor, the defendant in the original action, shall return the property, or satisfy the judgment which may be recovered against him.    It was intended to give to the creditor the responsibility of the Sheriff of the County, which is well known, and his security ample; and that he should not be compelled to rely on the responsibility of a town Constable, which, whatever it may be, is very little known.

If the writ could not be directed to the Constable, he could not be legally authorised to make replevin; consequently, as the defendant suffered the property to be taken out of his custody in the manner stated in his plea, without any authority of law, it cannot discharge his liability to the plaintiff for the property.

*T. Hutchinson* for the defendant.    It is immaterial to enquire whether a Constable be or be not authorised by the 46th Section of the Judiciary Act to serve writs of replevin, for a Constable is expressly authorised to serve such writ by the 9th Section of the Act regulating the office and duty of Sheriff, which is in the following words—" And all Constables, within their respective towns, shall

have the same powers as are given to the Sheriffs—be under the same liabilities, and bd subject to the same penalties, as Sheriffs in their respective Counties." The law which gives to the Sheriff power to serve a writ of replevin, gives by this Section, the same power to every Constable within his town; and if the Constable may legally serve such writ, it may be legally directed to him.

But if the defendant's plea be defective, still he is entitled to judgment for the insufficiency of the declaration. The original writ of attachment is sufficiently set forth in the declaration ; but it is not averred that the property was attached on that writ, it is merely averred that the officer made return that he had attached the property by virtue of the writ. And there is no averment that any demand was made on the officer, the present defendant to produce the property: it is only stated that the officer having the execution, had made return that he had *demanded* the property of the present defendant, and that he neglected and refused to deliver it. Nor does it appear by the declaration that the execution was taken out within thirty days after the rendition of the judgment.

*C. Marsh* in reply. If there were any defect in the declaration, as argued by the defendant's counsel, it is cured by the defendant's plea, which expressly admits, that the property was taken on the attachment, and, by implication, that the execution was taken out within thirty days after the rendition of the judgment, and a regular demand made upon the defendant to produce the property.

CHIPMAN Ch. J. delivered the opinion of the Court.

After a full consideration of this case, the Court find little diffi-culty in making a decision. Whether the plea in bar be sufficient, depends on the question, whether the writ of replevin was legally directed to the Constable, or, whether a Constable is authorised, by law, to serve such writ of replevin. By the 24th Section of the Judiciary Act, it is, among other things, provided, that every original writ issued in the ordinary mode, (for this section includes ordinary process only) shall be directed to the Sheriff, his deputy, or a Constable of the town, where the service is to be made, and, as before provided, shall be executed by the officer to whom it is directed. It may be directed to the Sheriff or his deputy ; for they both, in fact, exercise but one office ; without a direction to a Constable : in which case, the officer alone to whom the writ is direct-

ed, can execute it—for, by the 2d Section of the Act regulating
the office and duty of Sheriffs, it is declared that the Sheriff shall
have full power, within his own County to serve and execute all
lawful writs, to him directed, issuing from lawful authority.  This
is but a declaration of the common law.   The Sheriff is a common
law officer :  without the statute, he would have had power, by vir-
tue of his office, to execute all lawful process to him directed, and
no other.   But, at common law, the Constable has no power to
serve civil process.   The power of the Constable to serve civil
process, depends on the 9th Section of the Act last mentioned.—
" That all Constables shall, within their respective towns, have the
same powers, as are given to the Sheriffs, &c."   By this Section a
Constable within his own town is empowered to serve all lawful
writs, process and precepts, directed to him, and issuing from law-
ful authority.   But it is necessary that the writ or process be di-
rected to the Constable, otherwise he has, by the Act, no authority
to serve it.   The question then is, whether such writ of replevin
may lawfully be directed to a Constable to execute :  For, if by law
it cannot be directed to him, he can have no authority to execute it.
This depends on the 46th Section of the Judiciary Act, of which
the plaintiff's counsel have given the true construction.   The pro-
vision therein contained is a special provision made by the Legisla-
ture, to remedy an inconvenience arising out of our attachment law.
Property taken on attachment is frequently of a perishable nature,
and its value to the owner may depend on its present use, or imme-
diate sale ;  to keep it locked up, to wait the event of a lawsuit, fre-
quently long and tedious, could be of no advantage to the plaintiff,
but might endanger his security, and occasion a dead loss to the
defendant.   This provision enables the defendant, in the mode
prescribed, to substitute, in lieu of the property attached, good and
sufficient security to the plaintiff.   The provision is " That any
person authorised to issue attachments, may, on application of such
defendant or defendants (whose goods are attached) issue a writ of
replevin, in the form prescribed by law, directed to the Sheriff of
the County, or his deputy, in which service is to be made.   And
the Sheriff or his deputy, to whom such writ of replevin is directed,
shall, before he serve the same, require the plaintiff or plaintiffs in
such replevin, to execute a bond to the plaintiff or plaintiffs in the

Windsor,
August.
1814.

Ralston
vs.
Strong.

Windsor,
August
1814.

Ralston
vs.
Strong.

original process, with sufficient surety or sureties, in the sum, to the value of which attachment was directed to be made, which sum it shall be the duty of the authority issuing such replevin truly to insert." Then follows the condition of the bond, which is, in substance, that the plaintiff in replevin, shall return the goods replevied, so that they may be taken on an execution which may be issued on a judgment recovered in the original suit; or, otherwise, satisfy such judgment, within sixty days from the rendition of the same. And the writ of replevin and the bond, are to be returned to the Clerk of the Court to which the writ of attachment was made returnable, to be by him kept on file. If there be a breach of the condition, the plaintiff in the original action is to have his remedy on the bond; and the officer serving the replevin is made responsible for the sufficiency of the principal and sureties.

It is a settled rule, that where a remedy is given, or a mode of proceeding directed by statute, in a new case, the direction of the statute must be strictly pursued. It is not permitted to vary from it on the ground of convenience. This would be, to be wiser than the law. But, in this case, there are strong reasons for adhering strictly to the rule. The Legislature did not intend to lessen the security of the plaintiff at whose suit goods are attached, by providing for the writ of replevin; and as in the process of replevin his interest is concerned, and yet he is not to be consulted, the law has taken special care to intrust the service of the replevin to an officer of public confidence, and known responsibility; and who, from his situation, may well be supposed to be the best judge of the sufficiency of the surety or sureties, that may be offered; and feel more deeply his own liability, and be of greater ability to respond, in case the principal and sureties in the bond should prove insufficient.

The result is, that the writ of replevin in this case, was illegally directed to the Constable, and he had no legal authority to serve it; and the taking of the property from the Sheriff, the present defendant, by colour of the writ of replevin, was an unauthorized act, and ought to have been resisted. It was a tortious act in the Constable, of which the defendant can no more avail himself, than he could of the tortious act of any other person, who might have rescued the property.

It has been suggested that it would have been improper to have directed the Sheriff to execute the writ upon himself, but it is not so ; there could be no impropriety in this.  The writ of replevin is not an adverse suit, it is a mere authoritative order to the officer who took the property on the writ of attachment, to deliver it to the defendant in the original suit, on his complying with the condition prescribed by the statute; and certainly, a more proper person could not be found to do this, than the officer who took the property on the attachment and has it in his custody.  The plea in bar is therefore wholly insufficient.

*Windsor,*
August.
1814.

Ralston
*vs.*
Strong.

But exceptions have been taken by the defendant's counsel to the plaintiff's declaration.  And, it is true, that if the plaintiff's declaration be insufficient, he is not entitled to judgment, notwithstanding the plea in bar may be insufficient.

The declaration is certainly very inartificially drawn.  It contains no averment that the property had been taken on attachment ; but instead of that, it is set forth that the Sheriff, the now defendant, had made return that he had attached the goods which he describes : that is, instead of averring the fact, the evidence is set forth by which the fact might be proved.  The declaration then proceeds to state, that such proceedings were had in the suit against Gove, that at the September term of the County Court, 1812, he recovered judgment against Gove, omitting the day on which the Court sat, and the day on which final judgment was rendered.—That on the 29th day of September, 1812, he took out execution, and within thirty days after the rendition of the judgment, put it into the hands of Enos, the then Sheriff, to levy and collect.—That on the 27th day of November, 1812, Enos, the Sheriff, made return that he had made diligent search, and could find neither the body nor estate of Gove; and that he had demanded of the said Strong (the now defendant) the property aforesaid, which had been attached on the original writ, and that the same was not delivered to him.— Here again is the same fault—a statement of the evidence, instead of a statement of the fact; or, perhaps still worse; for I think, on this point, that the Sheriff's return, that he made the demand, could be no evidence against the defendant.  But, if we admit the statement made by the Sheriff in his return, that he made a demand, to be equivalent to a direct averment of the fact, it is still insufficient : The time when the demand was made is omitted.  It might for

Windsor,
August.
1814.

Ralston
vs.
Strong,
ought that appears have been on the 29th day of September, on the 27th day of November, or on any day between those two days. It might have been within thirty, or more than sixty days after the rendition of the judgment, for on what day the judgment was rendered does not appear.

Now, it is provided by the statute, that, in all cases, where property has been attached on mesne process, unless the plaintiff take the property attached, in execution, within thirty days after the rendition of the judgment in the action, the property shall be discharged, and no longer holden, any more than though it had never been attached : The plaintiff has lost his lien on the property in whosesoever hands it may be. If the execution be, within the thirty days, delivered to the same officer who served the attachment, and who has the legal custody of it, & is supposed to have it in his possession, the delivery of the execution to such officer, is, as to all the purposes of the plaintiff's right, a taking of the property in execution. But if the execution be delivered to another person, which must be done, if, as in the present case, the person who served the attachment be out of office, the plaintiff must, within the thirty days, cause a demand of the property to be made of the person in whose legal custody it is, for the purpose of taking it in execution, or he will loose his lien on the property, and all right and claim against the officer who made the attachment. As, in this case the execution was not delivered to the same officer who served the attachment, but to another officer, it is necessary, in order to render the defendant liable in this action, to shew that a demand was made on him for the property, within the thirty days; but this does not appear. It may or may not have been done—there is nothing in the declaration from which to make the intendment.

But it is insisted that these defects in the declaration are cured by the plea in bar. It is true that a plea may, by a direct admission of facts omitted or obscurely expressed, aid the declaration; it may, by intendment, aid that which is defectively set forth, but will not, by intendment, aid an omission of that which is the very gist and point of the plaintiff's action. Thus, in the present case, I think the first defect mentioned, the want of an averment in the declaration that the property was attached on mesne process, is cured by the express admission in the plea, and would perhaps be aided by

implication, from the nature of the plea without such express admission ; but the other defects are not cured by any such admission, either express or implied. There is no ground to say, in this case, that the defendant's plea admits that a demand was ever made on him, to produce the property to be taken in execution, much less that such demand was made in time.

<em>Windsor,</em><br>August.<br>1814.<br><br>Ralston<br><em>vs.</em><br>Strong.

This declaration was probably drawn by some Clerk in the office, inexperienced in pleading. It is very wrong to incumber the records with such crude drafts ; pleading should be intrusted to men of science only. Let there be

Judgment for the defendant for the insufficiency of the declaration.