ALBANY,
January,1823.

BRADNER
v.
DEMICK.

---

## BRADNER and BRADNER *against* DEMICK.

Where, to a declaration in *assumpsit*, on a promissory note, the defendant pleaded, that before the note was given, in a conversation between the parties, the plaintiffs, *falsely*, *fraudently*, and *knowingly*, represented themselves to the defendant as the owners of 400 acres of land, and offered to sell the same to the defendant for 2,000 dollars, and the defendant, confiding in those representations, purchased the land at that price, and paid 1,000 dollars, and gave a bond and mortgage, and

THIS was an action of *assumpsit* on a promissory note, made by the defendant, *April* 6, 1816, payable to the plaintiffs, or order, six months after date, for 68 dollars and 5 cents.

The defendant pleaded, 1. *Non-assumpsit.* 2. That before the giving of the note, in a conversation between the parties, the plaintiffs, *falsely*, *fraudulently*, and *knowingly*, represented themselves to the defendant as the owners of 400 acres of land in *Junius*, and offered to sell the same to the defendant for 2,000 dollars ; and that he, confiding in such representations as true, purchased the land of the plaintiffs for that sum ; that the defendant paid 1,000 dollars, and for securing the residue, executed a bond and mortgage, and the note on which this suit was brought. That the plaintiffs were not, at the time of making the said representations, or at any time afterwards, owners of the land, nor had they any title, or any authority to sell and convey the same ; and that the note was given in part consideration of the purchase money. The plaintiffs replied, that they did not, nor did either of them, at or before making the promis-

the note in question, for the residue ; and averring that the plaintiffs were not the owners of the land, nor had any title to the land, nor any authority to convey, &c.

The plaintiffs *replied*, that " they did not, nor did either of them, at or before making the note, in a conversation between the parties, knowingly, falsely, and fraudulently, represent themselves as the owners of the land," and concluded to the country : *Held*, that the several matters alleged in the *plea*, constituting one entire defence, and forming one connected proposition, the *replication*, as it denied the substantial and material allegation in the plea, to wit, the *fraudulent* representations of the plaintiff, was good, on demurrer ; for none of the other allegations furnished any defence to the action.

sory note, in a conversation between the plaintiffs and the defendant, *knowingly, falsely, and fraudulently*, represent themselves as the owners of the land, and concluded to the country. To this replication there was a special demurrer; and the causes of demurrer assigned, were, 1. That the replication professes to answer the whole subject matter of the plea, when it answers only a part. 2. It is stated in the plea, that the defendant purchased 400 acres, for 2,000 dollars; that he paid 1,000 dollars, and executed his bond and mortgage, and the promissory note, for the remainder; that *the note was given in part consideration of the purchase,* and that the plaintiffs were not the owners of the land, nor had they any authority to sell and convey; all of which averments are neither traversed, denied, protested against, or confessed and avoided in the replication. 3. That the traverse in the replication is as to facts which, if found by a jury, would not put an end to the suit; whereas every traverse, before tendering an issue to the country, ought to contain such a negation of the averments in the previous pleading as would terminate the action.

ALBANY,
January, 1823.

BRADNER
v.
DEMICK.

*Collier*, in support of the demurrer, cited 1 *Chitty's Pl.* 573. 1 *Saund.* 28. n. 3. 18 *Johns. Rep.* 28—30. 1 *Chitty's Pl.* 512, 513. 1 *Ventris*, 271. 11 *Johns. Rep.* 16. 13 *Johns. Rep.* 395. 2 *Johns. Rep.* 550. 6 *Johns. Rep.* 110.

*M. Hoffman*, contra. He cited 1 *Chitty's Pl.* 589. 598. 2 *Saund.* 103. n. 1. 13 *Johns. Rep.* 272. *Doug.* 655. 9 *Johns. Rep.* 126. 14 *Johns. Rep.* 363. 453. 5 *East*, 449. 11 *Johns. Rep.* 50. 395. 12 *Johns. Rep.* 190.

WOODWORTH, J. delivered the opinion of the Court. If the plea is double, the plaintiffs cannot object to it on this demurrer. They ought to have demurred specially for that cause. (1 *Chitty's Pl.* 512.) I incline to think, that the several matters alleged in the plea, may be considered constituent parts of the same entire defence, and form one connected proposition. The material fact on which the defendant must rely, to defeat a recovery, is, the fraud which the

plea avers the plaintiffs practised.　If the fraud is traversed, then the residue of the plea amounts to nothing more than this ; that the defendant purchased the land, and the plaintiffs had no *title.*　All this may be strictly true, and yet the consideration of the note be valid.　The fraud alleged, in the representations previous to the purchase, is denied by the replication.　It is not averred, that at the time of purchase, and when the note was given, the plaintiffs *knew they had no title;* for aught that appears, the plaintiffs may have given a quit-claim deed, and the defendant accepted it; if so, the want of title is no ground for rescinding the contract.　The loss, in that case, falls on the defendant.

The rule is, undoubtedly, well settled, that the replication must answer so much of the plea as it professes to answer; and as, in the present case, it professes to answer the whole substance of the plea, if it fails, in this respect, it is bad.　A party may deny any material allegation in his opponent's pleading ; but where the allegation is not material, it cannot be traversed.　(1 *Chitty's Pl.* 586.)　I consider the fraudulent representation of the plaintiffs, as the material allegation contained in the plea, and, therefore, a replication at once denying that fact, is sanctioned by the rules of pleading.　(1 *Chitty's Pl.* 592.)　The finding on this issue, either way, disposes of the cause ; if for the plaintiffs, the plaintiffs are entitled to recover, because all the remaining allegations of the plea, not embraced by this issue, furnish no defence against the action; if found for the defendant, then it appearing, that the contract is tainted with fraud, the defendant must prevail.

We are of opinion, that the demurrer is not well taken, and that the plaintiffs are entitled to judgment, with leave to the defendant to withdraw his demurrer, and abide the issue taken to the plea.

*Judgment for the plaintiffs accordingly.*