JOHN REED *v.* WINDSOR CO. MUTUAL FIRE INSURANCE
COMPANY.*

*Insurance. Assignment of Policy. Rights of Assignee. Pleas.*

1. When a policy of insurance has been assigned, the assignment approved and policy confirmed, in an action in the name of the assignee against the company for loss, it can make the same defences that it could if the suit had been brought by the assured.
2. Where an issue is formed by a special demurrer to a special plea in bar to a declaration based on a policy of insurance, claiming that the application did not set out the true state of the title, it is not necessary that the plea set forth the application in full; because, the question is not what appeared in the application, but the legal effect of what did not appear in it.
3. It is not necessary to set forth what the application contained;
4. Or, to admit or deny that any application was made by the plaintiff, when he is an assignee of the policy, and the suit is brought in his name;
5. Or, that the estate of the applicant in the premises insured should be correctly stated in a plea. It is sufficient if it appears by positive averments that he had a less estate than an estate in fee simple, and what the kind and character of the incumbrances were that rested on the property.
6. Pleas, setting up fraudulent representations as to the title to the property insured, are not bad as amounting to the general issue, but are held sufficient.

HEARD on special demurrer to the defendant's special pleas in bar, May Term, 1880, BARRETT, J., presiding. Pleas held sufficient. The pleas and demurrer are substantially stated in the opinion; but as the plaintiff complained of the manner of alleging the facts, the second plea is printed as follows:

Because it says that said contract of insurance was made subject to the provisions of the act incorporating the defendant company, which act was made a part of said contract of insurance and by virtue of section ten of said act, which was attached to said policy it was and is provided as follows:

" 10. The said company may make insurance for any term not exceeding ten years; and any policy of insurance issued by said company, signed by the president and countersigned by the secretary, shall be deemed valid and binding on said company, in all cases where the assured has a title in fee simple, unincumbered, to the building or buildings insured, and to the land covered by the same; but if the insured have a less estate therein, or if the premises be incumbered, the policy shall be void, unless the true title of the assured and the incumbrances of the estate be expressed therein, and in the application therefor."

---

* Heard at the February Term, 1881.

And the defendant avers that said Robert A. Reed made his application in writing to this defendant company for insurance therein previous to the issuing of said policy of insurance and making of said contract; to wit, on the 18th day of June, 1875, which application became and was made a part of said policy and contract, and at the time said application, and at the time said policy of insurance was issued and said contract made ; to wit, on the 18th day of June, 1875, the said Robert A. Reed did not have a title in fee simple unincumbered to the buildings named in said policy of insurance and to the land covered by the same, but that at the time said application was made, and when said policy of insurance was made and issued, to wit, on the said 18th of June, 1875, the same were incumbered by four mortgages, which said Robert A. Reed then well knew ; to wit, a mortgage to Jonathan Foss of twenty-four hundred dollars and some interest accrued thereon, and two other mortgages to Nathan Kendall, on which together there was then due about thirty-five hundred dollars and some interest accrued thereon, and also a mortgage from said Robert A. Reed to the plaintiff, conditioned for the payment of certain debts of the plaintiff by said Robert, and the support of the plaintiff during his lifetime, and certain other privileges, comforts and allowances therein named, or, if said plaintiff should at any time want to leave said premises, for the payment to him of two thousand dollars, and further for the payment to Elizabeth and Alice Reed and John W. Reed of five hundred dollars each, as soon as all the other outstanding debts and bills should be paid.

And the defendant says that said Robert A. Reed did not in said application, or in any way, mention said last-named mortgage, or notify the defendant of the existence thereof, but fraudulently withheld all knowledge of said last-mentioned mortgage from the defendant, and the defendant issued said policy and made said contract of insurance in ignorance of the existence of said last-mentioned mortgage.

And defendant says that the existence of said last-named mortgage was a fact material to the risk, and that defendant would not have issued said policy as it did, had it known of the existence of said mortgage in addition to the incumbrance stated in said application, by reason of all which, etc.

*A. G. Safford*, for the plaintiff.

In all these pleas the pleader has mistaken the contract. He has proceeded as if the contract existed as it was originally made. The contract pleaded against is not sought to be enforced here ; it is the promise to indemnify made to John Reed, in June, 1877. The assignment and its ratification amount in law to a new contract. *Burton* v. *Mutual Fire Ins. Co.*, 5 Bennett's Ins. Cases, 69–235 ; *Allen & Waterman* v. *Hudson River Ins. Co.*, 19 Barb. 442 ; *The Traders' Ins. Co.* v. *Robert*, 9 Wend. 406 ; *Tillou* v. *Kingston Ins. Co.* 1 Selden, 405.

In making the new contract with the plaintiff, the defendant had notice that plaintiff had acquired some interest in the assured's

real property, and it was put upon inquiry and is chargeable with such knowledge as would follow a reasonable investigation. *Green* v. *Slaytor*, 4 John's Ch. 38 ; *McDaniels* v. *Flower Brook Co.* 22 Vt. 274 ; *Stevens et al.* v. *Goodenough*, 26 Vt. 676 ; *Hooper* v. *The Hudson River Ins. Co.* 17 N. Y. 424 ; 39 N. Y. 49 ; 46 N. Y. 526.

This brings the case within the doctrine laid down in *Van Schoick* v. *Ins. Co.* 68 N. Y. 434. In all these pleas there is a lack of averment to connect the contract upon which the action is based with the causes of defence assigned. The fact that double unauthorized insurance has existed is not a valid defence. *New England F. & M. Co.* v. *Schettler*, 38 Ill. 166.

It must have subsisted at the time of the loss. *Obermeyer* v. *Globe Ins. Co.*, 5 Bennett Ins. Cases, 235 ; *Atlantic Ins. Co.* v. *Goodall*, 35 N. H. 328 ; *Mitchell* v. *Lycoming Ins. Co.*, 5 Pa. St. 408. The sixth plea is redundant, because it amounts to the general issue. Gould Pl. VI. sec. 78. The pleas are argumentative. 1 Chit. Pl. 539 ; Gould Pl. c. 3, ss. 29, 44, 45.

*French & Southgate*, for the defendant.

The various defences shown in these pleas are the proper subjects of special pleas in bar, if defendant chooses to present them in that form. Whether the same facts could be given in evidence under non-assumpsit is not the question. The defendant may plead specially matter which admits that a contract was *in fact* made, but shows that it was void in point of law ; *e. g.*, coverture, usury, the statute of gaming, etc., or that it was voidable, as infancy. Tidd Pr. 1, 695 ; Bac. Ab. 7, 541 ; Chit. Pl. 515 ; Gold Pl. 346 ; 10 E. C. L. 697. In such a case the plea gives implied color of action, and is, therefore, allowable. 2 Saund. Pl. and Ev. 237 ; Chit. Pl. 547, 559 ; 3 Salk. 273 ; 12 Mod. 101 ; 13 E. C. L. 593 ; Gould P. 356 ; 1 Ld. Raym. 87 ; 1 Salk. 344 ; 5 Mod. 175.

The opinion of the court was delivered by

ROYCE, J. On the 18th day of June, 1875, the defendant company issued a policy of insurance to one Robert A. Reed, insur-

ing the property described in the declaration for the period of six years from the date of said policy. On the 27th day of April, 1877, said policy was assigned by Robert A. Reed to the plaintiff; and on the 27th day of June, 1877, said assignment was approved and the policy confirmed unto the plaintiff by the defendant company. The property so insured was afterwards burned, and this suit was brought to recover for the value of the same for the benefit of the plaintiff. His right to recover is resisted upon several and independent grounds; but before considering them it is necessary to define the legal relations that subsisted between the plaintiff, as the assignee of said policy, and the defendant company.

The plaintiff claims that by virtue of the approval of the assignment and confirmation of the policy to him, the defendant is estopped from denying its liability on account of anything that transpired between the insured and insurer at the time the contract was entered into, or from setting up any act done by the insured after the policy was issued, and before said assignment, as a defense. The defendant claims that said approval and confirmation by it, in legal effect was merely the substitution of the assignee for the party insured by the policy, and that the assignee only took the interest that his assignor had in the contract, subject to any defenses that might be made to it in the hands of the assignor.

The policy was a chose in action; and all the interest that the assignor could convey by an assignment of it was the right to demand compensation from the defendant in case the property insured by the policy should be burned during its continuance, so that, independently of the approval of the assignment and confirmation of the policy to the plaintiff, the rules of law that determine and fix the rights of assignee and payor would be applicable here. By the approval of the assignment the company simply signified consent to its being made; and by the confirmation of the policy agreed that it would accept and become liable to the assignee in place of the party to whom the policy was issued. By such approval and confirmation the defendant did not waive any right that it then had, or might thereafter have to make any defense to any claim that might be made against it under the con-

tract entered into with Robert A. Reed, and evidenced by the policy assigned. The approval and confirmation was not evidence tending to show that the defendant entered into any new contract by which any new liability was incurred to the plaintiff. The approval of said 'assignment and the confirmation of the policy, then, being in legal effect the substitution of the assignee for the assignor, any defense existing at the time the assignment was approved and policy confirmed that would have been available if suit had been brought in the name and for the benefit of the party to whom the policy was issued, is equally available against the assignee.

In *Shearman* v. *Niagara Fire Ins. Co.*, 46 N. Y. 526, it was held that the consent to the assignment of a policy was equivalent to an agreement to be liable to the assignee upon the policy as a subsisting, operative contract; and in *Tillou* v. *The Kingston Mutual Ins. Co.*, that no act of the insured after an assignment of the policy with the assent of the insurer shall impair the rights of the assignee. The new contract relations that are created by the approval of an assignment of a policy are for the protection of the assignee, and to secure to him all the rights acquired by the assignment at the time of its approval.

The 2d, 3d, 4th and 5th special pleas allege that the contract of insurance was made subject to the provisions of the act incorporating the defendant company; that said act was made a part of said contract of insurance; that by sec. 10 of said act it was provided that when the assured had a less estate than a title in fee simple to the building or buildings insured, and to the land covered by the same, or if the premises be incumbered, the policy shall be void unless the true title of the assured and the incumbrances of the estate be expressed therein and in the application therefor; that at the time the application was made and the policy issued, the said Robert A. Reed did not have a title in fee simple to the land upon which the buildings insured were situate, but the same was incumbered by the mortgages described in said pleas; that the said Robert A. did not mention said mortgages in his application, or notify the defendant of their existence, but fraudulently withheld all knowledge of their existence from the defend-

27

ant, and that the policy was issued in ignorance of the existence of said mortgages; that the mortgages which were described in the application for the policy were not truly described, but were much larger in amount than they were represented; that the existence of said mortgages was material to the risk, and that if the defendant had known of their existence it would not have issued said policy. The demurrer admits said facts as pleaded; but it is claimed that they are not so pleaded as in law to be available as a defense. The insufficiencies claimed by the special demurrer are:

1. That it does not appear that the plaintiff executed the application.

The only application made for insurance upon the property in question is alleged in the declaration to have been made by Robert A. Reed, and the plaintiff does not predicate his right upon any policy issued to him upon his application. Hence, there was no necessity for the defendant to either admit or deny that any application had been made by the plaintiff.

2. That it does not appear except by argument or inference what the application contained or did not contain.

The defense is not made dependent upon what is stated in the application, so that there was no necessity for reciting what was contained in it. The defense made by the pleas is based upon the neglect of the applicant to state certain facts in his application which should have been stated, and what those facts were is stated by positive averments in the pleas.

3. That the application should have been set out in full.

It was not required that it should be set out. No issue was made as to what did in fact appear in the application; but, as has been remarked, the issue tendered was as to the existence of certain facts that did not appear.

4. That it does not appear, except by way of argument or inference, that the title of the assured and the incumbrances were not expressed in the application.

It is not required that the estate of the applicant in the premises insured should be correctly and accurately stated in a plea. It is sufficient if it appears by positive averments that he had a

less estate than an estate in fee simple, and what the kind and character of the incumbrances were that rested upon the property. It will be seen, upon examination of the pleas, that they do contain such averments.

5. That the pleas are redundant, because amounting only to the general issue.

The matters of defense stated in the pleas are not denials of what the plaintiff would on the general issue be bound in the first instance to prove; but are matters in avoidance of the action, which the defendant in the first instance would be bound to prove. Such matters the defendant is permitted (if not required) to plead specially. Chit. Pl. 366; Gould's Pl. 346; *Elkin* v. *Janson*, 13 M. & W. 655.

The matters of defense set up in said pleas being well pleaded, and having been admitted by the demurrer, it is elementary in the law pertaining to insurance that they are sufficient to avoid the policy and defeat the plaintiff's right of action.

There is no occasion for considering the other pleas which set up a defense resulting from the procurement of other insurance upon the property insured without the consent of the defendant company.

The judgment overruling the demurrer as to the 2d, 3d and 4th pleas, and rendering judgment for the defendant, is affirmed. On motion of the plaintiff, the judgment is *pro forma* reversed, and cause remanded, with leave to the plaintiff to replead on the usual terms.