HON. JONATHAN ROSS,
HON. WHEELOCK G. VEAZEY, } ASSISTANT JUDGES.
HON. JOHN W. ROWELL,

---

## LYCOMING FIRE INSURANCE COMPANY *v.* MEDAD WRIGHT & SON. SAME *v.* J. S. WHEELOCK.

*Insolvent Insurance Company. Foreign Receiver. Special Plea. General Issue. Argumentative. False Representations. Statute must be Complied with by Foreign Insurance Company.*

1. A foreign receiver of an insolvent insurance company may sue, and sustain an action, in this State, to recover assessments on premium notes, no creditor having intervened to prevent the prosecution of the suit.

2. Special pleas setting up false representations as to the financial condition of an insurance company, are not bad as amounting to the general issue.

3. A plea is not argumentative in alleging: "Wherefore the said defendants say that said premium note was and is void."

---

\* By act of the Legislature, No. 95 of Public Acts of 1882, the time for holding the Supreme Court of Washington County was changed from August to May.

4. The declaration was fatally defective in not alleging that the plaintiff company had obtained a license which was *in force*, to transact insurance business *at the time the contract was entered into*. Without the license required by the statute the company could not enter into a legal contract. Facts necessary to show a legal cause of action should have been averred.

5. A plea may by a *direct admission* of facts omitted or obscurely expressed, aid the declaration ; but, if this plea admits that a license had been obtained, it does not admit that it was *in force* when the contract was made. The plea does not *directly admit* that a license had been obtained at any time.

6. Fraudulent representations as to the financial condition of an insurance company, and thereby inducing the defendant to enter into the contract, may be a full defence to an action to recover assessments.

7. An insurance contract made by a foreign insurance company before it has complied with the statute of this State, and obtained a license, filed a copy of its by-laws with the secretary of state, and become responsible for the acts and neglects of its agents, is void.

8. R. L. ss. 3610, 3618, foreign insurance companies, construed.

GENERAL and special assumpsit to recover assessments on premium notes. Pleas, general issue and four special pleas in bar. Heard on demurrer to the special pleas, March Term, 1883, REDFIELD, J., presiding. Demurrer overruled.

*Charles W. Porter*, for the plaintiff.

The action was properly brought in the name of the company. *Yeager* v. *Wallace*, 44 Pa. St. 294 ; *King* v. *Cutts*, 24 Wis. 627. The receiver was a statutory assignee, and is authorized " to prosecute and defend suits in the name of the corporation." Rob. Dig. 172 ; *Cuykendall* v. *Miles*, 26 Alb. L. Jour. 7.

This receiver, an officer of the court of the State of Pennsylvania, being by the laws of that State empowered to collect the assets of the plaintiff company, may maintain suits to collect such assets in this State, when no creditors claim the assets adversely to the receiver. *Hurd* v. *City of Elizabeth*, 41 N. J. L. 1 ; *Runk* v. *St. John*, 29 Barb. 585 ; Exparte *Norwood*, 7 Biss. 511 ; *Purple & Burrows, Admrs.* v. *Whitehead*, 49 Vt. 187 ; *Bank* v. *McLeod*, 27 Alb. L. Jour. 78. See 97 U. S. 628, 697 ; *Hale* v. *Lawrence*, 23 N. J. L. 416. It was not necessary to allege in the declaration that the plaintiff company had complied with the laws of the State, or was licensed at the time the premium note was given to transact business in this State. May Ins. s. 590 ;

*Williams* v. *Cheney*, 3 Gray, 215 ; 72 Ind. 95 ; *Heyn* v. *Farrar*, 36 Mich. 261. Even if it ought to have been alleged, the omission is aided by the allegation in the last special plea as to the license to the company. Rob. Dig. 536, s. 144 ; Chitty Pl. 703–705, and notes. The first special plea amounts to the general issue. *Potter* v. *Stanley*, 1 D. Chip. 243 ; Chitty Pl. 492. And it does not show a defence. If good cause existed for rescinding the contract for fraud, it was the defendant's duty to surrender the policy and relieve the company from the risk. If loss had occurred, the company would have been liable. 58 Ill. 440 ; *Ins. Co.* v. *Woodward*, 83 Pa. St. 877. Whether a statute prohibiting an act renders a contract made in contemplation of the act void depends on whether, in view of the whole statute, the makers meant that the contract should be void in the sense that it could not be enforced. *Harris* v. *Runnells*, 12 How. 79 ; *Pangborn* v. *Westlake*, 36 Iowa, 546 ; *Mining Co.* v. *Bank*, 6 Otto, 641 ; *Bank* v. *Matthews*, 8 Otto, 627. See May Ins. s. 552 ; 81 Pa. St. 349.

*Harlan W. Kemp* and *John H. Senter*, for the defendants.

Receivers, whether appointed as this receiver was, under the statute by the court, or under the rules and practice of chancery, have no extra-territorial power of official action. The court appointing them can confer no authority to enable them to go into a foreign jurisdiction to take possession of the corporation's property. *Booth* v. *Clark*, 17 How. 322 ; *Farmers & Mechanics Insurance Co.* v. *Needles*, 52 Mo. 17 ; *Mosby* v. *Barrow*, 52 Texas, 396 ; Edwards Receivers, 6 *et seq ;* High Receivers, 239 ; Story Conf. L. s. 513. Administrators have no authority outside of the State in which they are appointed. *Cutter* v. *Davenport*, 1 Pick. 81 ; *Dixon* v. *Ramsey*, 3 Cranch, 318 ; *Riley* v. *Riley*, 3 Day, (Conn.) 74 ; *Mason* v. *Nutt*, 19 La. Ann. 41 ; *Stearns* v. *Burnham*, 5 Me. 261 ; *Sabin* v. *Gilman*, 1 N. H. 193 ; *Pond* v. *Makepeace*, 2 Met. 115. The plaintiff must allege all that is essential to his right of action. Gould Pl. c. 4, s. 7. The declaration is fatally defective in that it does not allege that the plaintiff had a license as required by statute. *Kent* v. *Lincoln*, 32 Vt. 591 ; Gould Pl. c. 4, ss. 13, 12. The pleas do not amount to the gen-

eral issue. 1 Chit. Pl. 480, 526 ; Gould Pl. c. 6, ss. 44, 56, 72, 80, 94 ; Lawe Pl. 586 ; *Reed* v. *Ins. Co.*, 54 Vt. 413 ; *Cummins* v. *Boyd*, 83 Pa. St. 372 ; *Maggs* v. *Ames*, 13 E. C. L. 593 ; nor are they argumentative. 3 Chit. Pl. 964, 968 b., 975 a., 983.

The opinion of the court was delivered by

ROYCE, Ch. J. The above cases were heard together. The first question made in argument is as to the right of the plaintiff to sue in its corporate name. When the receiver was appointed for the plaintiff, in 1881, there were statute laws in Pennsylvania, in which State the plaintiff corporation was located, which made it the duty of certain designated courts and judges, when it should be made to appear in the manner required by the statutes that any insurance company was insolvent, or the interests of the public so required, to decree a dissolution of such company and a distribution of its assets, and, if necessary, to appoint a receiver to take charge of its estate and effects and collect the debts and property due and belonging to it, with the power to prosecute and defend suits in the name of the corporation *or otherwise*, and do all other acts which might be done by said corporation, if in being, that were necessary for the final settlement of the unfinished business of the corporation. It is alleged that at a session of the court of common pleas held in and for the county of Lycoming on the 8th day of October, 1881, it appearing that the assets of the plaintiff company were not sufficient for carrying on its business, it was ordered to be dissolved, and J. A. Beecher, (who is prosecuting these suits in the name of the plaintiff), was appointed receiver, with the customary powers given to such an officer, and in accordance with the act of the assembly of the State of Pennsylvania in such case made and provided. By virtue of the act referred to in the order making the appointment, the right was conferred upon the receiver to prosecute suits. in the name of the corporation as far as the court could confer power. The general rule is, that the jurisdiction of a receiver is limited to the jurisdiction making the appointment ; but exceptions have been frequently

34

recognized to that rule, growing out of the condition of the property of which he has been appointed receiver, the order making the appointment and the necessity of according to him extra-territorial jurisdiction. In *Ellis* v. *Boston &c. R. R. Co.*, 107 Mass. 1, an order for the appointment of a receiver of the entire line of the defendant company's road, which extended from Boston, Mass., to Fishkill, N. Y., was affirmed. The same question was so decided in *Wilmer* v. *Atlantic &c. Co.*, 2 Woods, 418, in which case the court say : " We think the courts of other jurisdictions would feel constrained, as a matter of comity, to afford all necessary aid in their power to put the receiver of the court in possession." In *Bagby* v. *Atlantic &c. R. R. Co.*, 86 Pa. St. 291, the right of a foreign receiver to sue in Pennsylvania was affirmed. In *Hurd* v. *City of Elizabeth*, 41 N. J. L. 1, it was decided that the legal effect of the appointment of a receiver in a foreign jurisdiction in transferring to him the right to collect the property passing under his control by virtue of such office, will be so far recognized by courts of this State (New Jersey), as to enable such officer to sustain a suit for such recovery. The cases where this right has been denied have generally been where creditors in the foreign jurisdiction have intervened. In such cases the courts have held that they would not allow the property of the receivership to be removed from their jurisdiction or appropriated by a receiver appointed in a foreign jurisdiction until the claims of citizens resident in the jurisdiction where the property is situate, were satisfied. Here, as we have seen, all the effects of the company passed to the receiver. No creditor has intervened to prevent the prosecution of the suit, or asserted any claim to what may be realized from its prosecution. Upon principle and authority we think the suit may be prosecuted in the name of the plaintiff.

It remains, then, to be determined whether upon the demurrer to the pleas they are to be held sufficient in form and good in substance. The special causes of demurrer assigned to the second plea are that it amounts to the general issue, and is argumentative in alleging : " Wherefore the said defendants say that said pre-

mium note was and is void." As we construe the plea, it substantially admits the making of the contract declared on and sets up matter in avoidance of it by stating that the defendant was induced to make it by the fraudulent representations made to him as to the financial condition of the company. It is elementary that such a defence may be specially pleaded. Chit. Pl. 480 and 526 ; Gould Pl. c. 6, ss. 44, 56, 70, 72 and 80 ; *Read* v. *Ins. Co.*, 54 Vt. 413. And the fact that the defendant may avail himself of the same defense under the plea of the general issue does not necessarily preclude him from pleading it specially. See authorities before cited. When it is considered that it is to the advantage of the plaintiff that the defence should be specifically set out in a special plea, the court will not be astute in discovering or inventing technical reasons to deprive the defendant of the benefit of such a plea. Neither is the plea rendered argumentative by the use of the words specified in the demurrer. The word " wherefore " is defined as meaning " for which reason " ;. and applying that meaning the averment would read, " for which reason the defendants say that the premium note described in the declaration was and is void in law." The word " which " refers to the reason before stated in the plea, and the averment states a conclusion of law. It is not a professed averment of any issuable fact and leaves nothing to be ascertained by inference or argument.

The demurrer reaches back to the first substantial defect in the pleadings. It is claimed that the declaration is defective in not alleging that at the time of entering into the contract declared upon, the plaintiff company was licensed to transact insurance business in this State. The constitutional right of the legislature to pass such laws upon the subject of foreign insurance companies as were in force at the time the contract was entered into, is admitted. It was provided by statute then existing, s. 3610, R. L., that it shall not be lawful for any foreign insurance company to transact insurance business in this State, unless such company shall first obtain a license of the insurance commissioners author izing the company to do so. The obtaining of such a license was made a condition precedent to the right of the plaintiff to

enter into a legal contract. When the right of a contracting party to make a contract is dependent upon his compliance with the requirements of a statute of the State which prescribes duties to be performed by such party as a condition precedent to his right to make the contract, he must aver and prove a compliance with such requirements; he must set forth in his declaration all such facts as are necessary to show that he has a legal cause of action ; and to show a legal cause of action it must appear that he had the legal right to make the contract upon which the action is predicated. *Kent* v. *Lincoln*, 32 Vt. 591.

The declaration is fatally defective in not alleging that the plaintiff company had obtained a license which was in force, to transact insurance business at the time the contract was entered into, unless the defect is cured by the last plea. The language whch it is claimed has that effect is that, " before obtaining or receiving a license from the insurance commissioners authorizing said plaintiff to transact insurance business in this State and before entering into the contract declared upon," etc. This, it is claimed, is to be construed as an admission that such a license had been obtained. Treating it as such an admission, it does not cure the defect complained of. It was not enough to allege that the plaintiff company had obtained a license ; it should have been alleged that it had a license which was *in force* at the time the contract was entered into. In *Ralston* v. *Strong*, 1 D. Chip. 287, it is said by Judge CHIPMAN that a plea may, by a *direct admission* of facts omitted or obscurely expressed, aid the declaration. That we think expresses the true rule ; and applying it to the language here used, there was no such admission made that a license had been obtained at any time, so that the defect in the declaration was not cured by the plea. The case might well be disposed of by adjudging the declaration insufficient, but inasmuch as the whole case has been elaborately and ably argued, we have thought best to consider the question of the sufficiency of the pleas as a defence.

The first special plea alleges, in substance, that the defendant was induced to enter into the contract declared upon by the false

and fraudulent representations made to him by the plaintiff company in relation to its financial condition and solvency; that it was represented to him that the plaintiff company then had a large surplus of money in its treasury and was solvent; that said representations were false, and that the plaintiff company did not have any surplus of money in its treasury, and was insolvent. The facts thus alleged being admitted by the demurrer, the defendants invoke the application of the principle that is as old as the common law—that fraud vitiates all contracts. Those facts constituted a full and perfect defence to the action. The question whether the contract was binding on the plaintiff company is not in issue and is not decided; and we make no comment on that portion of the plaintiff's argument further than to say that it is not always competent for the party who has been guilty of a fraud on the other party to an agreement, to avoid the contract on that ground. *Taylor* v. *Weld*, 5 Mass. 116.

The other pleas allege that the plaintiff company had not, at the time of the making of the contract declared upon, filed a certified copy of its by-laws with the Secretary of State, or become responsible for the acts and neglects of its agents, as required by the statutes. The duty of the plaintiff company to comply with the law in those respects is conceded; but it is claimed that a neglect to comply with it does not render the contract illegal so that it cannot be enforced. The claim made that a license is evidence that the party had done all that was necessary to his right to it need not be considered, because it does not appear that a license had been obtained. The general rule is that a contract which is prohibited by law is an illegal contract, and a party entering into such a contract cannot enforce it. It is competent for the legislature to determine the conditions upon which foreign insurance companies may transact business in this State. The conditions constitute a part of the law and they cannot qualify themselves to transact such business without complying with them. All business transacted by them without such compliance is an illegal business, and all contracts entered into as a part of such business are unenforceable. In *Harris* v. *Runnels*, 12 Howard, 79, it is said that, " Where a statute expressly prohibits an act, a

contract in violation of its provisions is void."    It is insisted, however, that this case does not come within the above rule because it is not within the intention of the statute.   It is said in the case last cited, and re-announced in *Mining Co.* v. *Bank*, 6 Otto, 641, and *Bank* v *Matthews*, 8 Ib. 627, that the whole statute must be examined to discover whether it intended to prevent courts of justice from enforcing contracts in relation to the act prohibited. Upon examination of the statutes we are satisfied that the intention was to prevent the enforcement of contracts made by such companies until they had complied with the law.    Unless such was the intention, the legislation was of no avail, and such companies might disregard it with impunity.    The principal purpose of the statute was for the protection of the insured.   In contracts of insurance the by-laws of the company are generally made a part of the contract; hence the necessity for the insured to have the opportunity of ascertaining what they are, so that he may comply with them.   It is likewise important for him to know if the company is responsible for the acts and neglects of its agents, so that he may understand that when a representation is made to him by an agent, or an act is performed by such agent, he can rely upon it as a representation made or act performed by the principal. The conditions prescribed are, in our judgment, eminently reasonable, proper and just, and such as no solvent, responsible company has any right to complain of.

The pleas demurred to are sufficient, but the judgment overruling the demurrers is reversed *pro forma*, and causes remanded in order that the plaintiffs may apply for leave to amend their declarations.