JAMES UDALL, LIBELLANT AND APPELLANT, v. THE STEAM-SHIP
OHIO, HER TACKLE, &c., MARSHALL O. ROBERTS AND OTHERS,
CLAIMANTS.

Where a libel was dismissed by the district court, which decree was affirmed by
the circuit court, and it appeared that the claim in the libel amounted only to sixteen
hundred dollars, an appeal to this court must, upon motion, be dismissed for the
want of jurisdiction.

In order to give jurisdiction, the damages must appear on the face of the pleading on
which the claim is made. Interest cannot be added, in computing the amount,
unless it is specially claimed in the libel.

It is too late, when the cause ·has reached this court, to amend the libel by inserting
a special claim for interest. The 24th admiralty rule ought not to be construed to
extend to cases where an amendment would give jurisdiction, which would not
exist without such amendment.

THIS was an appeal from the circuit court of the United
States for the southern district of New York.

It was a libel filed in the district court, for furnishing articles
for the steam-ship Ohio.

A motion was made by *Mr. Cutting*, and opposed by *Mr.
Bradley*, with whom was *Mr. Benedict*, to dismiss the appeal,
for the want of jurisdiction.

The points made were the same as those in the succeding
case, and there was an affidavit of value made by *Mr. Benedict*.
The affidavit also set forth " that the rules of the district court
required libels to be sworn to, so that it is necessary, in stating
the amount claimed, to state the same as it actually and in
truth exists at the time the libel is sworn to, and on such
libels the court, in its final decree, gives such amount as the
libellant shall be entitled to recover on his case, whether the
same be more or less than the amount in the libel."

The amount of the claim and the history of the case are stated
in the opinion of the court.

Mr. Justice McLEAN delivered the opinion of the court.

This is an appeal from the circuit court of the United States
for the southern district of New York, in admiralty.

The libel was filed in the district court, which stated that in
the years 1847 and 1848, the steam-ship Ohio, then being in
process of construction by Bishop and Simonson, the libellant
furnished, at the city of New York, for the building of said
vessel, a large quantity of materials, timber, and tree-nails. That
said articles, at a fair price, amounted in the whole to the
sum of $2,973.57, of which sum there is still due $2,159.28,
less tree-nails, which not having been used were to be received
back by the libellant, amounting to the sum of $468. That

2*

the balance of $1,691.28, the owners, or those in charge of said vessel, have refused to pay, &c.

The appeal states the claim to be, at the time of the trial in the circuit court, interest included, $2,164.86.

The libel was dismissed in the district court, and the case was appealed to the circuit court. In that court, the decree of the district court was affirmed, from which an appeal was taken to this court.

A motion is now made to dismiss the appeal, for want of jurisdiction.

It is stated by the counsel opposed to the motion, that it is the uniform practice in the southern district of New York, to establish, on the hearing, only the liability of the defendant, and to have the amount of the damages ascertained on a reference to a commissioner, as the proofs in the record are not the full proof, as to the amount of the damages.

It is not perceived how the practice in the circuit court can affect the question of jurisdiction. The decree of the district court, which dismissed the libel, having been affirmed by the circuit court, we must look to the claim of the appellant, in his libel, whether it exceeds the sum of two thousand dollars. The balance of the account claimed, only amounts to the sum of $1,691.86. But it is insisted that if the interest on this sum be computed, up to the time of trial in the circuit court, the sum would exceed the amount required to give jurisdiction.

Where the claim is founded on dollars and cents, whether it be a libel, a bill in chancery, or an action at law, the damages must appear, to give jurisdiction, on the face of the pleading on which the claim is made. No computation of interest will be made to give jurisdiction, unless it be specially claimed in the libel. If not intended to be included in the claim of damages, it should be specially stated. This would certainly be the case in an action at law, and no reason is perceived why the rule should be relaxed in a case of libel.

Under the 24th admiralty rule of this court, it is suggested, the libel may be amended at any time, as of course, on application to the court. And if this be necessary, the counsel now moves to amend the libel by inserting, "together with the interest to the time of the final decree in this court, or any appellate court."

It has not been the practice of this court to allow amendments, except by the consent of parties; though, in the case of Kennedy et al. v. Georgia State Bank, 8 How. 610, this court say, " there is nothing in the nature of an appellate jurisdiction, proceeding according to the common law, which forbids the granting of amendments, &c. but the practice has been to remand the cause to the lower court for amendment.

If amendments be allowed, so as to give jurisdiction to this court, where there was no jurisdiction when the trial was had and the appeal taken, parties would be taken by surprise, and litigation would be encouraged. The plaintiff, under such circumstances, would never fail to sustain the jurisdiction of this court, on his appeal.

On the ground that the matter in dispute does not appear, on the face of the libel, to exceed two thousand dollars, the appeal is dismissed.

## Order.

This cause came on to be heard, on the transcript of the record, from the circuit court of the United States for the southern district of New York, and was argued by counsel. On consideration whereof, it is now here ordered and adjudged by this court that this cause be and the same is hereby dismissed, for want of jurisdiction.