Runk v. St. John.

---

RUNK and others, Receivers, &c. *vs.* ST. JOHN and others.

Receivers, appointed in other states, may sue as such, in the courts of this state.

A sheriff of this state has no power to sell upon an execution issued on a judgment recovered here, in an attachment suit, the real estate of a foreign corporation, situated in another state.

No portion of territory within another state can be levied upon, and sold, by virtue of any proceeding or judgment of the courts of this state.

Such a proceeding is entirely void; and any act, committed by citizens of this state, founded upon it, or induced by it, by which the owners are sought to be deprived of their land, should be declared equally void.

THIS action was brought by the plaintiffs as receivers of the president and managers of the New Hope and Delaware Bridge Company, to set aside a conveyance of land from the defendant Ansel St. John to the defendant Thomas P. St. John, as fraudulent and void as against the said New Hope and Delaware Bridge Company and their creditors. And the complaint prayed for a discovery and account, and

that the defendants might be decreed to convey the lands to the plaintiffs, &c. The answer of the defendants alleged that in an action commenced in the supreme court of this state, against the New Hope and Delaware Bridge Company, by a creditor, an attachment was issued against the real estate of the corporation; that a judgment was recovered therein by the plaintiff in that suit, upon which an execution was issued to the sheriff of the city and county of New York against the real estate of the corporation; and that upon such execution the real estate of the corporation, situate in the state of Pennsylvania, was levied upon by the said sheriff, and was sold by him, at the Merchants' Exchange in the city of New York, to the defendant Thomas P. St. John, who was the highest bidder at said sale; that the said Thomas P. St. John subsequently paid the amount of his bid, and received a deed of the land from the sheriff; and that upon his demand, the defendant Ansel St. John executed and delivered to him a conveyance of the said lands, which is the one sought to be set aside in this suit. And the defendant claimed that under and by virtue of the said proceedings and conveyances he was the lawful owner of the property. He also set up as a defense that the plaintiffs were foreign receivers, deriving their appointment from the laws or acts of foreign states, and are not and have never been by any law of this state, or any act of any court, or of any competent authority within this state, appointed receivers of the New Hope and Delaware Bridge Company, and that being foreign receivers as aforesaid, they had no rights of action within this state.

To this answer the plaintiffs demurred, on the ground that it did not state facts sufficient to constitute a defense. The issue of law being referred to a referee, he reported that the answer did not constitute a defense, and that the plaintiffs were entitled to the relief demanded in the complaint. The report of the referee was confirmed by the court, at special term, and judgment entered accordingly; from which judgment the defendant Thomas P. St. John appealed.

Runk v. St. John.

*J. Mansfield Davies,* for the appellants.

*Schell, Slosson & Hutchins,* for the plaintiffs.

*By the Court,* CLERKE, J.   The plaintiffs are receivers of a corporation chartered in the states of Pennsylvania and New Jersey, and were appointed under a decree, dissolving the corporation, made by the court of chancery in the latter state, and were confirmed by an act of the legislature of the former. The defendants' counsel denies the capacity of receivers, appointed in other states and countries, to sue in the courts of this state.   The laws and proceedings of other sovereignties have not, indeed, such absolute and inherent vigor as to be efficacious here under all circumstances.   But, in most instances, they are recognized by the courtesy of the courts of this state ; and the right of foreign assignees or receivers to collect, sue for, and recover the property of the individuals or corporations they represent, has never been denied, except where their claim came in conflict with the rights of creditors in this state.   All that has been *settled* by the decisions, to which we have been referred on this subject, is, that our courts will not sustain the lien of foreign assignees or receivers in opposition to a lien created by attachment under our own laws.   In other words, we decline to extend our wonted courtesy so far as to work detriment to citizens of our own state, who have been induced to give credit to the foreign insolvent.   But this question does not arise in the case before us.   This is not a contest between foreign creditors and domestic attaching creditors.   The plaintiffs, on behalf of the interests they represent, seek the equitable interposition of this court to set aside an alleged fraudulent conveyance of land, situated in the state of Pennsylvania.

Actions by foreign trustees and assignees have in several instances been sustained in the courts of this state.   In the case of the *New Jersey Lombard Bank* v. *Thorp,* (6 *Cowen,* 46,) trustees, appointed by an act of the legislature of the

state of New Jersey, were allowed to be substituted as plaintiffs, instead of the corporation. This decision is expressly recognized and approved by the court of appeals in the well known case of *Hoyt* v. *Thompson*, (1 *Selden*, 341.)

The only question, then, is, have the plaintiffs a cause of action ? The defendants' answer sets forth that an attachment against the real estate of the corporation, of whom the plaintiffs are receivers, was issued in an action commenced against the corporation by a creditor in this state, and that, on the recovery of a judgment against them, the real estate, which was situated in Pennsylvania, was sold by the sheriff of the city and county of New York under an execution ; that the sheriff executed a deed of said lands to Thomas St. John, the purchaser at the sale, and that Ansel St. John, who held the lands as trustee of the corporation, thereupon executed a conveyance of the same to Thomas St. John. It appears that no new consideration passed from Thomas St. John to the company, as the trustee; but the latter executed the conveyance, solely to consummate more completely the sale of the sheriff.

But, surely, it is unnecessary to bestow any time in considering whether the sheriff of this county can obtain any lien or any right to land situated in another state, by virtue of any process of our courts. This court can no doubt set aside a fraudulent conveyance of lands in another state, executed in this state, when the parties are within its jurisdiction. But, it would be at variance with every principle, both of the common and international law, to hold that any portion of territory within another state can be levied upon, taken possession of, and sold, by virtue of any proceeding or judgment of the courts of this state. Such action is entirely void ; and any act committed by citizens of this state, founded upon it or induced by it, by which the owners were sought to be deprived of their land, should be declared equally void.

The judgment should be affirmed, with costs.

[NEW YORK GENERAL TERM, May 2, 1859. *Roosevelt, Clerke* and *Pratt*, Justices.]