HENRY STOCKBRIDGE, Receiver of THE DUFFY MALT
WHISKEY COMPANY OF BALTIMORE CITY,

*vs.*

SAMUEL C. BECKWITH, THE EVERY EVENING PRINTING
COMPANY, THE MORNING NEWS PUBLISHING COM-
PANY, and NATHAN B. DANFORTH.

New Castle, Sept. T. 1887.

*Insolvent foreign corporation; receiver appointed in
another State; rights of in this State.*

A receiver appointed by the Circuit Court of the City of Baltimore,
in the State of Maryland, is not entitled to an injunction of the
court of chancery of this State, to restrain the collection of a
judgment recovered at law in this State by creditors of an in-
solvent corporation, nor against persons who have recovered
judgments against the garnishees of such insolvent corporation
under process of foreign attachment.

BILL FOR AN INJUNCTION.

THE CHANCELLOR:—The Duffy Malt Whiskey Com-
pany of Baltimore City is a corporation created under
the laws of the State of Maryland. At a session of the
Circuit Court of Baltimore City, held on the 12th day
of November, 1886, Henry Stockbridge, the complain-
ant in this cause, was appointed receiver of said cor-
poration, with power and authority to take charge
and possession of the goods, wares, and merchandise,
books, papers, and effects of or belonging to the said
corporation, and to collect the outstanding debts due to
it. Nathan B. Danforth, of the city of Wilmington, in
this State, was at the time of the appointment of Henry
Stockbridge receiver of said corporation, and at the time
of the filing of the bill in this cause indebted to said cor-
poration in the sum of $400. The corporation then was
and is now insolvent.

On the 18th day of November, 1886, one Samuel C. Beckwith, a resident of the city of New York and State of New York, caused to be issued, out of the Superior Court of the State of Delaware, in and for New Castle County, a writ of foreign attachment, being No. 128 as of the November Term, 1886, and under and pursuant to said writ the said sum of $400 was attached in the hands of said Nathan B. Danforth; and the said Danforth was summoned, as garnishee, to appear at the said court to declare what money or effects of the said Duffy Malt Whiskey Company he had in his hands at the time said attachment was made.

On the 11th day of February, 1887, at the February Term of said Superior Court, judgment was given for said Samuel C. Beckwith, plaintiff in said attachment, against said Nathan B. Danforth, garnishee of the said corporation, for the sum of $400, besides costs.

The Every Evening Printing Company, a corporation of the State of Delaware, on the 22d day of November, 1886, before Levi A. Bartolett, a justice of the peace of the State of Delaware in and for New Castle County, caused a writ of foreign attachment to be issued against the said Duffy Malt Whiskey Company of Baltimore City, whereby the said Nathan B. Danforth was summoned, as garnishee of said company, to answer what goods, chattels, rights, or effects were in his hands on the 17th day of December, 1886, before said justice of the peace, and thereupon judgment was rendered in favor of the said Every Evening Printing Company, the plaintiff in said attachment, against the said Nathan B. Danforth, garnishee of the said Duffy Malt Whiskey Company of Baltimore City, for the sum of twenty-eight dollars and thirteen cents, besides six dollars and sixty-five cents costs.

The Morning News Publishing Company, a corpora-

tion of the State of Delaware, on the 22d day of November, A. D. 1886, before the said Levi A. Bartolett, justice of the peace aforesaid, caused a writ of foreign attachment to be issued against the said Duffy Malt Whiskey Company of Baltimore city, whereby the said Nathan B. Danforth was summoned, as garnishee of said company, to answer what goods, chattels, rights, or effects of the said corporation might be in his hands; and on the seventh day of December, 1886, judgment was rendered by the said justice of the peace, in favor of the said Morning News Publishing Company, plaintiff in said attachment, against the said Nathan B. Danforth, garnishee of said corporation, for the sum of seventeen dollars and seventy-four cents, besides six dollars and sixty-five cents costs.

The complainant prays that the said Samuel C. Beckwith, the Every Evening Printing Company, and the Morning News Publishing Company may be restrained, by the order and injunction of this court, from levying any execution which they have obtained in said several actions, upon the credits in the hands of the said Nathan B. Danforth; and that they may be ordered and decreed to relinquish and abandon said attachments; and that Nathan B. Danforth may be decreed to pay the complainant, the said receiver, the said sum of four hundred dollars, for the benefit of the creditors of the said insolvent, the Duffy Malt Whiskey Company of Baltimore City.

Upon filing the bill a rule was laid upon the defendants therein to appear before the chancellor at his chambers, in Dover, and show cause why a preliminary injunction should not be awarded according to the prayer of the bill. The rule has been continued from time to time until the present term, upon application of the parties.

*Benjamin Nields*, in support of the rule, cited *Hurd* v. *Elizabeth*, 41 N. J. L. 1; *Hoyt* v. *Thompson*, 5 N. Y. 320; *Runk* v. *St. John*, 29 Barb. 585.

*H. H. Ward*, against the rule, cited, as to the nature, rights, and powers of a receiver: High, Receivers, §§ 175, 201, 204, 205, 208, 209, 220 ; *Re Colvin*, 3 Md. Ch. 278, 302; *Ellicott* v. *United States Ins. Co.* 7 Gill, 307, 320; *Williamson* v. *Wilson*, 1 Bland, Ch. 431.

He contended:

1. The receiver must show his authority to sue and leave of court.

2. The Duffy Malt Whiskey Company would be bound by our attachment laws, and so its representative, the receiver, is also bound by them.

3. The action should have been brought in the name of the Duffy Malt Whiskey Company, and the receiver cannot maintain an action in his own name as receiver.

4. A receiver cannot maintain an action, in his capacity as receiver, in the court of another State than the one in which he is appointed. High, Receivers, §§ 239–241, 471; *Booth* v. *Clark*, 58 U. S. 17 How. 322, 15 L. ed. 164; *Brigham* v. *Luddington*, 12 Blatchf. 237; *Harvey* v. *Varney*, 104 Mass. 436, 443; *Farmers & M. Ins. Co.* v. *Needles*, 52 Mo. 17; High, Receivers, *158, § 240, note; *Upton* v. *Hubbard*, 28 Conn. 274, 283; *Byrne* v. *Walker*, 7 Serg. & R. 483, 486; *Graydon* v. *Church*, 7 Mich. 36, 49; *Hope Mut. L. Ins. Co.* v. *Taylor*, 2 Robt. 278; *Warren* v. *Union Nat. Bank*, 7 Phila. 156; *Willitts* v. *Waite*, 25 N. Y. 577.

5. When a creditor from another State subjects himself to the jurisdiction of the court of this State, by suing therein, he has all the rights of a citizen therein; and in a question of comity, merely, between the State of Maryland and the State of Delaware, his rights must prevail over that comity. U. S. Const. art. 4, § 2; *Paul* v.

*Virginia*, 75 U. S. 8 Wall. 168, 180, 19 L. ed. 357;
*Wallace* v. *Patterson*, 2 Harr. & M'H. 463, 464; *Hoyt*
v. *Thompson*, 5 N. Y. 351; *Kidder* v. *Tufts*, 48 N. H.
121, 125; *Mulliken* v. *Aughinbaugh*, 1 Pen. & W. 117,.
121; *Bartlett* v. *Wilbur*, 53 Md. 485.

6. A judicial assignment or an assignment by opera-
·tion of law or in insolvency, in the State of Maryland,
cannot so transfer the title of personalty situate in Dela-
ware as to prevent a suitor in the courts of this State
from maintaining his priority thereto by foreign attach-
ment. It makes no difference whether the attachment
is prior or subsequent to such judicial assignment, or
whether the attaching creditor is a citizen of Delaware
or not.    2 Kent, Com. 405–408; *Booth* v. *Clark*, 58 U.
S. 17 How. 322, 15 L. ed. 164; *Harrison* v. *Sterry*, 9
U. S. 5 Cranch, 289, 302, 3 L. ed. 104; *Ogden* v. *Saun-
ders*, 25 U. S. 12 Wheat. 332, 358, 6 L. ed. 647; *Crapo*
v. *Kelly*, 83 U. S. 16 Wall. 610, 621, 622, 21 L. ed. 430;.
*Abraham* v. *Plestoro*, 3 Wend. 538; *Johnson* v. *Hunt*,
23 Wend. 87; *Milne* v. *Moreton*, 6 Binn. 353; *Holmes*
v. *Remsen*, 20 Johns. 229, 254; *Blake* v. *Williams*, 6
Pick. 286, 302; *Taylor* v. *Columbian Ins. Co.* 14 Allen,.
353; *Hoyt* v. *Thompson*, 5 N. Y. 320, 348; *Taylor* v.
*Geary*, 1 Kirby, 313; *Byrne* v. *Walker*, 7 Serg. & R.
483; *Skiff* v. *Solace*, 23 Vt. 279; *Johnson* v. *Parker*, 4
Bush, 149; *Felch* v. *Bugbee*, 48 Me. 9; *Worden* v. *Nourse*,.
36 Vt. 756.

7. The policy of the State of Maryland will not allow
a judicial assignment, or an assignment by operation of
law or in insolvency in another state, to pass the title to·
personalty in that state, or to interfere with the rights of
creditors suing in that state.    As comity of the State of
Maryland would not be extended to the State of Dela-
ware in this respect, no reason arises for the State of
Delaware to extend its comity to the State of Maryland.

in this case. *Burk* v. *McClain*, 1 Harr. & M'H. 236; *Wallace* v. *Patterson*, 2 Harr. & M'H. 463.

As to the cases cited for the receiver:

*Hurd* v. *Elizabeth*, 41 N. J. L. 12. (1) The receiver had there, by virtue of the terms of his appointment, authority as far as any court can give it to collect debts wheresoever situate. (2) It states that a receiver should not be allowed to sue in a foreign jurisdiction in any case where there is a controversy between him and creditors. (3) The only point for the decision of the court upon the facts of the case was that a receiver could not sue when his interests clashed with those of a citizen of New Jersey ; this the court does decide.

The case is therefore no authority in this case, where the receiver of Maryland is attempting to interfere with the rights of Beckwith, the New York creditor. The whole scope of the case is shown by the illustration of the court on page 4, and is, as far as it goes, authority for the position of the respondents in this bill; namely, that where the rights of any creditor not a citizen of Maryland clashes with the pretensions of the receiver of Maryland, the receiver cannot maintain his action in a foreign jurisdiction.

*Chandler* v. *Siddle*, 3 Dill. 477, the court here also puts, as a condition for its dictum, that the receiver should be duly authorized to maintain the suit in a foreign jurisdiction, and even then states its dictum doubtfully, recognizes the authority of *Booth* v. *Clark*, 58 U. S. 17 How. 322, 15 L. ed. 164, and refuses to give a definite opinion concerning the powers of the receiver in respect to suits brought in that district.

*Runk* v. *St. John*, 29 Barb. 587, expressly states that all that has been settled by the decisions to which we have been referred on this subject is that our courts will not sustain the lien of foreign assignees or receivers, in

opposition to a lien created by attachment under our own laws. Even under this statement the receiver of Maryland could not maintain his action.

The case of *Booth* v. *Clark*, 58 U. S. 17 How. 324, 15 L. ed. 164, was not brought to the attention of the court, so that the case cannot be considered as questioning the binding authority of that case.

THE CHANCELLOR.—This case must be governed by that of *Booth* v. *Clark*, 58 U. S. 17 How. 324, 15 L. ed. 164, and the reasoning of Wayne, *J.*, who delivered the opinion in that case.

A receiver is an officer of the court appointing him. He is appointed for the benefit of all parties who may establish rights in the cause. The money in his hands is *in custodia legis* for whoever can make out a title to it. It is the court itself which has the care of the property in dispute.

The receiver is but the creature of the court. He has no powers except such as are conferred upon him by the order of his appointment, and the cause and practice of the court. A receiver's right to the possession of the debtor's property is limited to the jurisdiction of his appointment; and he has no lien upon the property of the debtor except for that which he may get the possession of without suit, or for that which, after having been permitted to sue for, he may reduce into possession in that way.

A receiver has no extraterritorial power of official action; none which the court appointing him can confer with authority to enable him to go into a foreign jurisdiction to take possession of the debtor's property; none· which can give him, upon the principle of comity, a privilege to sue in a foreign court or another jurisdiction, as the judgment creditor himself might have done, where

his debtor may be amenable to the tribunal which the creditor may seek.

*Mr. Justice* Wayne, in *Booth* v. *Clark,* says: "Our industry has been tasked unsuccessfully to find a case in which a receiver has been permitted to sue, in a foreign jurisdiction, for the property of the debtor. So far as we can find, it has not been allowed in an English tribunal. Orders have been given in the English chancery for receivers to proceed to execute their functions in another jurisdiction, but we are not aware of its ever having been permitted by the tribunals of the last."

This was said in 1854. The case of *Hurd* v. *Elizabeth,* 41 N, J. L. 1, decided in 1879, held that a receiver appointed in a foreign jurisdiction, clothed with authority to take the designated property wherever situate, may sustain a suit for such property, in the courts of New Jersey; and that this was the rule whenever the creditors of the person represented by the receiver do not intervene. But this case is not at all inconsistent with the view I take of the case before me. It recognizes the case of *Booth* v. *Clark* as rightly decided.

In speaking of that case the learned chief justice of New Jersey said: "But that case belongs to a train of decisions which have been, undoubtedly, rightly decided, but which are not to be regarded as ruling the precise point now in issue. The decisions thus referred to will be found in High on Receivers, § 239; and they are all cases involving a controversy between the receiver and the creditors of the person whose property has been placed under the control of such receiver. In such a posture of things it is manifest that different considerations should have force from those that are to control when the litigation does not involve the rights of creditors in opposition to the claims of the receiver. That the officer of a foreign court should not be permitted, as

against the claims of creditors resident here, to remove from this state the assets of the debtor, is a proposition that appears to be asserted by all the decisions."

In the case before me creditors of the corporation represented by the receiver have intervened,—two of these creditors are corporations in this State. The other is resident in the State of New York; but he has obtained a judgment in this State against the insolvent corporation of Maryland, and a judgment against a garnishee of that corporation, and is proceeding to collect the latter judgment. There is no principle of law or equity that forbids his doing so.

And the rule in this case is therefore discharged.