MABON v. ONGLEY ELECTRIC CO.

(Supreme Court, Appellate Division, First Department. December 31, 1897.)

1. RECEIVER OF FOREIGN CORPORATION—RIGHT TO SUE—COMITY.

The receiver of a foreign corporation, duly appointed by a court of the state where it is incorporated, with authority to demand, receive, and take into his possession all the property of the corporation, may, as a matter of comity, maintain an action in this state to secure the appointment of a temporary receiver here to collect the property of the corporation within the state, and hold the same until the rights thereto of all parties in interest shall be determined, and the disposition thereof directed by the courts of this state.

2. SAME—CAUSE OF ACTION ARISING IN STATE.

Where the right to maintain and the necessity for bringing such an action grow out of the fact that the books, papers, and property of the corporation are withheld from the plaintiff here, the cause of action is one arising within the state, and therefore, though the plaintiff is a non-resident, and the defendant is a foreign corporation, the action is maintainable under Code Civ. Proc. § 1780, subd. 3.

Van Brunt, P. J., dissenting.

Appeal from special term.

Action by John S. Mabon, as receiver of the Ongley Electric Company, against the Ongley Electric Company. From a judgment sustaining a demurrer to the complaint on the ground of want of jurisdiction, and that the complaint did not state a cause of action, defendant appeals. Reversed.

Argued before VAN BRUNT, P. J., and WILLIAMS, PATTERSON, O'BRIEN, and INGRAHAM, JJ.

Theodore L. Frothingham, for appellant.
Rufus W. Peckham, Jr., for respondent.

WILLIAMS, J. The complaint alleged, in brief, that the defendant was a New Jersey corporation, organized in January, 1891, for the manufacture and sale of electrical and mechanical devices and appliances, and for the purchase and sale of patents therefor; that the corporation had a factory and office in the state of New Jersey, but had its principal office in the city of New York, and transacted its principal business, other than manufacturing, in the state of New York; that in January, 1895, the court of chancery in the state of New Jersey, in an action wherein Hopkins and Dickson

were complainants and the defendant herein was defendant, made a decree appointing the plaintiff herein receiver for the defendant, an insolvent corporation, with full power to demand, sue for, collect and receive, and take into his possession all the property, effects, and choses in action of the defendant, and enjoining and restraining the officers and agents of the defendant from dealing or interfering with the same; that the plaintiff had duly qualified, and was such receiver; that he had taken possession of all the property and assets of the defendant in the state of New Jersey, but had been unable to obtain the books of record, or any papers, of the defendant, and had had no opportunity to inspect the same; that such books and papers were in the possession of some one or more directors of the defendant in the state of New York, all of said directors being residents of the state of New York, and not personally within the jurisdiction of the courts of New Jersey; that the defendant had other property and assets in the state of New York, in the possession or control of said directors, the exact nature, amount, and value of which property and assets the plaintiff could not ascertain; that among such property and assets were promissory notes, amounting in the aggregate to $37,500, made by said Hopkins and Dickson to the defendant, which were overdue and unpaid; that such notes were covered by an attachment issued in this state in an action wherein a judgment had been recovered for the sum of $13,773.39, and that execution was liable to be levied upon said notes, and, if the notes were collected in full, there would be a surplus arising therefrom, after the satisfaction of the judgment, which would belong to the defendant herein; that by reason of the premises it would be impracticable for the plaintiff properly to perform his duties as receiver, and to ascertain, collect, and take possession of the property and assets of defendant in this state, unless a receiver should be appointed here in aid of the plaintiff to collect and receive the property and assets of the defendant within this state, and to hold the same until the rights thereto of all the parties in interest should be determined, and the disposition thereof directed by the courts of this state, and judgment was therefore demanded that the defendant, its officers, agents, and servants, turn over to the plaintiff, as receiver, the property and assets of the defendant; that pending the action a receiver be appointed to take, recover, and hold possession of such assets, and to preserve the same; that the defendant, its officers, agents, and servants, be restrained from selling, disposing of, or interfering with such property and assets, except to turn the same over to the receiver appointed herein; and that the plaintiff have such other relief as might be proper. Although the demurrer did not state as a ground thereof that the plaintiff, being a foreign receiver, could not maintain an action in the courts of this state, such question nevertheless seems to be presented on this appeal. There seems to be no doubt that foreign receivers may sue in the courts of this state. It was so held in Runk v. St. John, 29 Barb. 585. The plaintiffs there were receivers of a corporation chartered in the states of Pennsylvania and New Jersey, and were appointed under a decree dissolving the corporation, made by a New Jersey

court.  The defendants' counsel denied the capacity of foreign receivers to sue in the courts of this state.  The court said:

"The laws and proceedings of other sovereignties have not, indeed, such absolute and inherent vigor as to be efficacious here under all circumstances. But, in most instances, they are recognized by the courtesy of the courts of this state; and the right of foreign assignees or receivers to collect, sue for, and recover the property of the individuals or the corporations they represent has never been denied except where their claim came in conflict with the rights of creditors in this state.  All that has been settled by the decisions to which we have been referred on this subject is, that our courts will not sustain the lien of foreign assignees or receivers in opposition to a lien created by attachment under our own laws.  In other words, we decline to extend our wonted courtesy so far as to work detriment to citizens of our own state, who have been induced to give credit to the foreign insolvent. * * * Actions by foreign trustees and assignees have in several instances been sustained in the courts of this state.  In the case of Bank v. Thorp, 6 Cow. 46, trustees appointed by an act of the legislature of the state of New Jersey were allowed to be substituted as plaintiffs, instead of a corporation. This decision was expressly recognized and approved by the court of appeals in the well-known case of Hoyt v. Thompson, 5 N. Y. 341."

Again, in the case of Pugh v. Hurtt, 52 How. Prac. 22, the court held that a receiver of an Ohio corporation, appointed by a decree of an Ohio court, could maintain an action in the courts of this state; citing and approving the language we have quoted from the case of Runk v. St. John.  And again, in the case of Petersen v. Bank, 32 N. Y. 43, which was an action brought by the assignee of a foreign executor, the court, in the course of its opinion, said:

"Again, the receivers of insolvent foreign corporations, and assignees of bankrupt and insolvent debtors, under the laws of other states or countries, are allowed to sue in our courts.  It is true, their titles are not permitted to overreach the claims of domestic creditors of the same debtor pursuing their remedies under our law, but, in the absence of such contestants, they fully represent the rights of the foreign debtors.  Story, Confl. Laws, § 112; Hoyt v. Thompson, 5 N. Y. 341, 19 N. Y. 207; Willitts v. Waite, 25 N. Y. 584."

And again, in Toronto Gen. Trust Co. v. Chicago, B. & Q. R. Co., 123 N. Y. 47, 25 N. E. 198, which was an action brought by a trustee appointed by the decree of a Canada court, it was said in the course of the opinion:

"Foreign receivers and assignees, taking their property by virtue of foreign laws or legal proceedings in foreign courts, may come here and maintain suits in our courts, when they do not come in conflict with the rights or interests of domestic creditors."

It cannot be doubted, therefore, that foreign receivers may come into our courts and maintain actions for any purposes which are not in conflict with the rights of domestic creditors of such corporations. The only question here is whether the cause of action set forth in this complaint is such a one as a foreign receiver is authorized to maintain.  It is perfectly apparent from the allegations in the complaint and the relief asked for that there is no design to interfere with any rights of creditors of the corporation in this state.  On the contrary, the only creditor referred to in the complaint, and who has an attachment issued in the state against the property of the corporation, is fully protected, claim being made for the surplus only remaining after his debt is fully paid and satisfied.  But beyond this

the relief sought by the plaintiff is such as enables the court to fully protect the rights and interests of any creditors of the corporation within this state. While the final judgment prayed for is that the property of the defendant in this state may be turned over to the plaintiff, the foreign receiver, yet a local temporary receiver is prayed for to take possession of and hold the property to be recovered during the pendency of the action; and under the general prayer for relief the court may and should fully protect the rights of any creditors of the corporation residing in this state. There is not a suggestion in the complaint of a design to set up the claim of the foreign corporation or its receiver against any lien or claim made by creditors of the corporation residing in this state against the property or assets sought to be recovered. In Runk v. St. John, above, the action was brought to set aside a conveyance of real estate as fraudulent and void as against the corporation of which the plaintiffs were receivers, and the complaint prayed for a discovery and account, and that defendants might be decreed to convey such estate to plaintiff; and the court held that this was not a contest between the foreign and domestic creditors, and therefore the action could be maintained by receivers. In Pugh v. Hurtt, above, the action was brought to enforce the liability of a stockholder for the debts of the corporation, and it was held that this cause of action involved no contest between foreign and domestic creditors of the corporation, and therefore the action could be maintained by the receiver. A precedent for this kind of an action is found in Redmond v. Hoge, 3 Hun, 171, which was a case decided by the late general term in this department. That action related to a corporation created under the laws of Connecticut, and which carried on its business in that state. The stockholders resolved that the affairs of the corporation should be wound up, its property sold, its debts paid, and its remaining assets divided among the stockholders; and the directors were authorized to carry out this resolution. The property of the corporation was sold by the directors, except about $25,000 in value. Difficulties thereafter arose as to the disposition of the fund. All of the property remaining and the fund realized from the sale of property had come into the state of New York, and the affairs of the corporation were being managed in this state. The receiver of the property of the corporation was appointed in Connecticut, and he accepted the trust, and filed his bond. The assets of the corporation were, however, detained in the city of New York, and the receiver was unable to get possession of any of them, and was discharged. Thereupon an action was brought in this state by two stockholders of the corporation, praying that a receiver be appointed, to whom all the property of the corporation should be delivered; that the unpaid debts of the corporation be ascertained, and paid therefrom, and the remainder of the assets be distributed among the stockholders of the corporation in proportion to their shares of stock. The appeal was from an order appointing a temporary receiver in the action. The court held that the action was maintainable, and affirmed the order, saying that the action was not brought for the purpose of dissolving and winding up the affairs

of the corporation, but its sole object was to preserve the fund, which was in danger, and that the payment and distribution of it to the stockholders were secondary and incidental objects of the action. The following language was used in the opinion:

"The whole scope of this action may be stated almost in a sentence. The officers who have complete control of the foreign corporation now in process of voluntary dissolution, being all residents of this city, and having in their possession here certain funds of the corporation, which their own insolvency has put in jeopardy, and neither they nor the funds being amenable to the jurisdiction of the state under whose laws the corporation was created and exists, refuse to make application of such funds to the creditors and stockholders, in conformity to the proceedings for dissolution, or to put the same in a place of safety. * * * We have clearly jurisdiction of the persons of the officers in the state, we have jurisdiction of the property, because it is within our territory. * * * The receiver, if appointed there [in Connecticut], must resort to our courts to reach the appellants and the fund in their hands by an action similar to the present, and become substantially the receiver of this court, in order to acquire possession of the fund. But, while no such officer exists in Connecticut, there seems to us no sound reason why the jurisdiction of this court may not be invoked to preserve a fund now in the hands of persons in our jurisdiction, and in danger of being lost by their insolvency, or improper use."

It will be seen that the court recognized the fact that, if there was a receiver of a corporation in Connecticut, the action might properly be brought by him in the courts of this state, and only in the absence of such officer was it said that the action might be brought by a stockholder in this state. The corporation was a defendant in that action, as it is a defendant here. The persons having possession of the property were made defendants in that action, while they are not made defendants here, as it seems to us they should have been. But, if there is a defect of parties, the question should be raised by demurrer, and no such ground is alleged. It is claimed that the defendant, being a foreign corporation, cannot be sued by a nonresident plaintiff in this state under section 1780 of the Code of Civil Procedure. We think, however, that the cause of action alleged in the complaint is one which arose within the state, within subdivision 3 of that section. The object of the action is to secure possession of the books, papers, and property of the corporation, which are all in this state, and withheld from the plaintiff's possession, and to procure the appointment here for the purpose of receiving, holding, and preserving the same; and the right to maintain and the necessity for the bringing of this action grew out of the fact solely that such books, papers, and property were withheld from the plaintiff in this state. It seems to us, in view of the considerations hereinbefore referred to, that the court did have jurisdiction of the subject of this action, and that the complaint did state facts sufficient to constitute a cause of action. The demurrer was, therefore, improperly sustained, and the judgment appealed from should be reversed, with costs of this appeal to the appellant, and judgment should be directed overruling the demurrer, with leave to the defendant to answer the complaint within 20 days on payment of costs.

VAN BRUNT, P. J., dissents.

INGRAHAM, J. We concur with Mr. Justice WILLIAMS that this judgment should be reversed. The question as to the right of a receiver or assignee in whom has become vested the property of a foreign corporation or a nonresident individual by virtue of the decree of a court of competent jurisdiction, where the court had jurisdiction over the subject-matter of the action and over the persons whose property rights were involved, has been much discussed in this state; but it seems now to be settled that a title thus acquired to property in this state, as a matter of comity and interstate or international courtesy, where the rights of creditors or bona fide purchasers or the interests of the state do not interfere, will be recognized by allowing such foreign statutory or legal transferee to sue for it in the courts of this state, in which the property is situated. In re Waite, 99 N. Y. 433, 2 N. E. 440, fully discusses the question and reviews the authorities, and the conclusion at which the court arrives is stated to be as follows:

"From all these cases the following rules are to be deemed thoroughly recognized and established in this state: (1) The statutes of foreign states can in no case have any force or effect in this state ex proprio vigore, and hence the statutory title of foreign assignees in bankruptcy can have no recognition here solely by virtue of the foreign statute. (2) But the comity of nations which Judge Denio, in Petersen v. Bank, supra, said is a part of the common law, allows a certain effect here to titles derived under, and powers created by, the laws of other countries, and from such comity the titles of foreign statutory assignees are recognized and enforced here, when they can be without injustice to our own citizens, and without prejudice to the rights of creditors pursuing their remedies here under our statutes; provided, also, that such titles are not in conflict with the laws or the public policy of our state. (3) Such foreign assignees can appear, and, subject to the conditions above mentioned, maintain suits in our courts against debtors of the bankrupt whom they represent, and against others who have interfered with or withheld the property of the bankrupt."

The cause of action stated in the complaint in this case appears to be sustained by the rule here authoritatively established. The plaintiff, a receiver of a corporation organized under the laws of the state of New Jersey, who was appointed by the court of chancery of that state having jurisdiction of the subject-matter and of the person of the corporation, applies to this court for a decree which would entitle him, as such receiver, to the possession of the property in this state of the corporation of which he has been appointed receiver. It would seem that, applying the principle established in the case cited, he is entitled to maintain such an action. If the rights of creditors or others interested in the property of the corporation need protection, that fact must be made to appear by answer, as it does not appear upon the face of the complaint that any reason exists why the court should not entertain jurisdiction. This principle is also recognized and applied in the case of Toronto Gen. Trust Co. v. Chicago, B. & Q. R. Co., 123 N. Y. 37, 25 N. E. 198.

PATTERSON and O'BRIEN, JJ., concur.