E. F. KIRWAN MANUFACTURING COMPANY, a corporation of the State of Maryland, *vs.* JOSEPH D. TRUXTON, late sheriff.

*Amendment—Pleading—Practice—Demurrer—Comity—Parties—Foreign Corporations—Receivers.*

1. The defendant may by leave of the Court strike out a plea in bar and substitute therefor a plea in abatement; and also may amend a plea in bar so as to make it a plea in abatement, it being in substance a plea in abatement but lacking the proper form.

2. Where receivers of a corporation have been appointed by a court in another State, it is to be presumed that the court had jurisdiction of the cause, and that the appointment was valid.

3. The powers conferred by the laws of one State can have no operation in another State except by comity, and therefore a corporation cannot as of right sue in any other jurisdiction, than that from which it derived its corporate powers. The practice, however, is now universal in this country to permit by comity corporations of one State, having the right to sue there, to sue in the courts of another State unless the exercise of that privilege is repugnant to the interests or policy of such State.

4. By comity receivers are now generally permitted to maintain suits in other states for the the protection of the interests, and the enforcement of the claims, of the corporations for which they were appointed, provided it would not be contrary to the policy of such states, or detrimental to the interests of their citizens, or of others who have acquired rights there.

5. When the laws of the State in which receivers of a corporation are appointed provide that such receivers shall be vested with all the estate and assets of every kind belonging to the corporation, and that suits may be brought and carried on by them, either in their own names and capacities as such receivers, or in the name of the corporation for which they shall have been appointed, such corporation will not be permitted to sue in this State in its own name unless it appears that the suit is brought by the authority of the receivers. To permit it to do so would be an unwarranted disregard of the laws of a sister State, instead of an act of comity.

6. When by the laws of the State creating the corporation it has been deprived of the right to the possession or control of its assets, and the right to sue in the courts of such State for the recovery of any of its debts or rights of action, it would be unreasonable to ask the courts of another State, upon grounds of comity, to permit such corporation to sue there, or to exercise any of the powers of which it had been deprived by the laws of the State of its creation.

(*April 11, 1899.*)

JUDGES SPRUANCE and GRUBB sitting.

*Lewis C. Vandegrift, A. F. Polk* and *Charles M. Curtis* for plaintiff.

*Herbert H. Ward, Charles F. Richards* a nd *C. W. Cullen* fo defendant.

Superior Court, Sussex County, April Term, 1899.

TRESPASS DE BONIS ASPORTATIS (No. 78, Oct. Term, 1897). Demurrer.

*Mr. Richards,* of counsel for defendant, at the argument on the demurrers, stated to the Court that the above stated case was continued at the last term of Court, being the October Term, 1898, with general leave to amend; that as the case stood at that time, there were certain pleas in bar filed, but since the last term the defendant had filed three additional pleas, two of which were pleas in abatement, and one, a plea in bar. Recognizing the general principle of law, that pleas in abatement are improper with pleas in bar, he asked leave of the Court to withdraw said pleas in bar, leaving the two pleas in abatement which had been filed since the last term; also to amend the third additional plea so as to make it a plea in abatement.

*Mr. Curtis,* of counsel for plaintiff, objected on the ground that a plea in abatement cannot be filed after the filing of a plea in bar; that having already admitted the standing of the plaintiff in this suit in this Court, by not filing a plea in abatement, the defendant cannot go back and say the plaintiff has no standing in this Court.

SPRUANCE, J.:—Your application would amount to this, that after filing a plea in bar, the defendant cannot, by leave of the Court, strike out that plea and substitute a plea in abatement.

*Mr. Curtis:*—Exactly.

The Court here stated that they would like to hear the matter discussed.

*Mr. Vandegrift,* of counsel for plaintiff, raised the point that as the defendant had taken the initiative he should open the discussion and cite the authorities sustaining his position. The Court held that as the plaintiff objected, the burden was upon him to sustain his objection; the same as in the case of an objection to a question asked a witness in the trial of a case.

After quite an extended argument by counsel on both sides, the Court rendered the following decision:

SPRUANCE, J.:—This motion is to strike out all of the pleas in bar, except the last, and to amend said last plea so as to make it a plea in abatement, it being alleged that it is in substance a plea in abatement, but lacks the proper form.

We have no doubt about this subject. We have much more imperative and extensive power in this regard than any English court we know anything about. The *Constitution, Section 24, Article 4,* provides: "In civil causes when pending, the Superior Court shall have the power, before judgment, of directing, upon such terms as it shall deem reasonable, amendments, impleadings and legal proceedings, so that by error in any of them, the determination of causes, according to their real merits, shall not be hindered," etc.

The *Revised Code, of 1893, Section 11, Chapter 112,* provides: "In any civil cause pending before the Superior Court, the said Court shall have power, at any time before judgment, to allow amendments either in form or substance, of any process, pleading or proceeding, in such action on such terms as shall be just and reasonable."

We therefore think we have ample power to grant this motion and to allow the amendment asked for. When the motion for the

continuance of this case was made at the last October Term of this Court, we find in looking at the report of the case, (*1 Pennewill, 409*) that one of the grounds for granting the application for continuance was as follows: "It was admitted that the plaintiff at the time of bringing this suit was insolvent and the property in the hands of a receiver. The receiver was not made a party, and the defendant had no knowledge whatever of the insolvency until within a few hours past, and had no opportunity to avail himself of any defence if any, growing out of that fact, and we think he ought to have time to examine that question and take such advantage of it as he is entitled to."

Counsel for the defendant have examined into the question then raised, and have come to the conclusion that that fact cannot properly be brought before [the [Court except upon a plea of abatement, and to refuse this application would be wholly inconsistent with the ruling of the Court upon the application at the last term. We have not the slightest hesitancy about it, and grant the motion.

GRUBB, J.:—In concurring with Judge Spruance in this decision, I simply want to add that this matter of allowing a party to withdraw his pleadings, or any portion of them, or to amend the pleadings, or any portion of them, is in the discretion of the Court. I do not consider that an application of this kind, which is to introduce a plea in abatement after a plea in bar has been filed, would be granted by the Court in every case; but where our discretion is appealed to, in a case having peculiar circumstances like this, I consider it is allowable. In this case, at the last· term, it was admitted that the property of the plaintiff at the time of bringing this suit, was in the hands of a receiver in Maryland. It was also admitted that the receiver was not made a party. It was alleged by the counsel for the defendant, that they had no knowledge whatever of the appointment of said receiver until within a few hours prior to making the application for continuance, and had had no opportunity to avail themselves of any defence, if any, growing

out of that fact; and the Court announced that they ought to have time to examine that question and to take such advantage of it as they were entitled to. The Court therefore continued the case to the April Term, to be plead to issue and ready for trial at said term under a peremptory rule.

The facts of the case at the last term show that the defendants were taken entirely by surprise and that it was a matter that was more properly within the knowledge of the plaintiff than it could have been of the defendant. And as it was a matter that had transpired in another State, and not in this State where the suit was brought,—under those particular circumstances I think that it is proper for us to grant the leave asked by the defendant in this case.

There may be cases in which the Court would not exercise its discretion to the extent of granting such leave as we grant in this case, to withdraw a plea in bar and to file a plea in abatement. This decision applies to the particular circumstances and claims of this case and this application.

*Mr. Vandegrift:*—Not to be considered as an authority in any other case?

GRUBB, J.:—Excepting in a like case, under like circumstances.

The defendant then filed three pleas in abatement. Plaintiff filed demurrers to said pleas, which were argued at the April Term, 1899.

The said pleas, grounds of demurrer to same, and contentions of counsel at the argument are set forth in the opinion of the Court.

SPRUANCE, J.:—This is an action of *trespass de bonis asportatis* brought by the plaintiff the E. F. Kirwan Manufacturing Company, a corporation of the State of Maryland, against Joseph D. Truxton, late sheriff of Sussex County, for the recovery of

damages for the taking and converting of certain goods and chattels of the plaintiff.

The declaration of the plaintiff company is in the usual form. The only remaining pleas are three pleas in abatement, the material parts of which are as follows:

*First.* That the plaintiff was, before the bringing of this suit a corporation existing under the laws of the State of Maryland, having its principal place of business in the City of Baltimore and that during the existence of said corporation it was subject to and governed by the laws of the State of Maryland.

That Chapter 263 of the Laws of 1894 of the said State of Maryland provides as follows:

" Whenever any corporation in this State shall have been determined by legal proceedings to be insolvent, or shall be proven to be insolvent by proof offered under any bill filed under the provisions of this section, it shall be deemed to have surrendered its corporate rights, privileges and franchises, and may be adjudged to be dissolved after the hearing, according to the practice of courts of equity in this State, upon a bill filed for that purpose in the Circuit Court of Baltimore City, or in the Circuit Court Number 2 of Baltimore City, if the principal office of the corporation is located therein, or in the Circuit Court of any county, if the principal office or place of business of said corporation be therein located, or if the certificate of its incorporation be recorded therein; and such bill may be filed by any stockholder, shareholder or creditor of said corporation, or by the Attorney-General of the State of Maryland, or by the State's Attorney of the city or county in which the principal office of said corporation is located. But this section shall not apply to any railroad company chartered by this State."

That Section 269 and Section 274 of Article 23 of the Public General Laws of Maryland, adopted by the General Assembly of Maryland, March 14th, 1888, provide as follows :

" 269.   Where receivers of the estate or effects of any cor-

poration shall be appointed by a court, upon or before the dissolu-
tion of any corporation, *they shall be vested with all the estate and
assets of every kind* belonging to such corporation, from the time of
their qualifying as receivers, *and shall be trustees thereof for* the
benefit of the creditors of such corporation and its stockholders;
and they shall proceed to wind up the affairs of such corporation
under the direction of the court by which they shall have been
appointed and shall have all powers which shall be necessary for
that purpose."

" 274. Whenever the receiver of the property or effects of a
corporation shall be *appointed before* the dissolution, or afterwards,
new suits may be brought and carried on by any such receivers,
either in their own names and *capacities as such receivers, or in the
name of the corporation* for which they shall have been appointed;
but no new suits shall be brought in the name of the corporation
after it shall have been dissolved, or after the expiration of its
charter."

That before the bringing of this suit, to wit, on the 9th day
of November, 1895, pursuant to the provisions of said laws of
Maryland, upon the bill of complaint of certain of its creditors,
against the said corporation, in the Circuit Court No. 2 of Baltimore
City, and upon the answer of said corporation, it was ordered that
two persons therein named be appointed receivers of said corpora-
tion with power and authority to take charge and possession of the
goods, wares and merchandise, books, papers and effects of the said
corporation, and to collect the outstanding debts due to the said cor-
poration; and the said corporation was thereby required to yield
up and deliver to the said receivers its goods, wares and merchan-
dise, books, papers and effects, subject to the further order of said
Court.

That afterwards, to wit, on the 10th day of November, 1895,
pursuant to the order of the said Court, the said receivers gave
bond with surety, conditioned for the faithful performance of their
duties. That afterwards, to wit, on the 13th day of November,

1895, pursuant to the said laws of Maryland, it was ordered by the said Court that a certain other person therein named be appointed receiver to act in conjunction with the two receivers appointed as aforesaid, with like powers and responsibility. That afterwards, on the day last aforesaid, pursuant to the order of said Court, said additional receiver gave bond with surety, conditioned for the faithful performance of his duties.

That the orders and proceedings aforesaid, and the said receivership continued and remained unrevoked at the time of the bringing of this suit and that the said receivers so appointed are and were at the time of the bringing of this suit in the exercise of their said offices under the direction of said Court.

*Second.* The same as the first plea without setting forth the statute law of Maryland recited in the first plea.

*Third.* The same as the first plea, and further as follows :

" That by virtue of the said proceedings in said Circuit Court No. 2. of Baltimore City, and by force of the said statutes of the said State of Maryland, all the estate and assets of any kind belonging to said defendant corporation, became vested in said receivers from the time of their qualifying as such, who thereupon became trustees thereof for the benefit of the creditors of said corporation defendant, and its stockholders, subject to the direction of said Court by which they had been appointed.

" That thereafter, to wit, on the 31st day of December, A. D. 1895, and before the bringing of this suit, the said receivers sold, subject to the ratification of the said Circuit Court No. 2 of Baltimore City, all the assets of every kind and description then in the right or in the possession of the said receivers as such, exclusive of cash, and including therein all bills and accounts receivable, choses in action and credits, formerly of the said E. F. Kirwan Manufacturing Company, of Baltimore City, said defendant in said Maryland suit, unto a certain George M. D. Tyler, of the said City of

Baltimore, in the State of Maryland,which said sale was on the 15th day of January, A. D. 1896, and before the bringing of this suit, duly by said Circuit Court No. 2 of Baltimore City finally ratified and confirmed by an order and decree in said Maryland Court then and there made."

To these pleas the plaintiff demurred.

The causes of demurrer to the first and second pleas remaining undisposed of are,

*First.* That the plaintiff was competent to bring and maintain its suit notwithstanding the statutes of the State of Maryland in said plea set forth.

*Second.* That the said suit was properly brought in the name of the plaintiff.

*Third.* That the said action was rightfully commenced in the name of the plaintiff notwithstanding the appointment of receivers as alleged in said plea.

*Fourth.* That the plaintiff had a right to have and maintain the said suit notwithstanding any allegation in said plea contained.

*Fifth.* That the said plea is in other respects uncertain informal and insufficient.

The causes of demurrer to the third plea remaining undisposed of are :

*First.* That the said action was rightly brought in the plaintiff's name notwithstanding the assignment by the said receivers in said plea mentioned.

*Second.* That the said plaintiff had the right to have and maintain said action in its own name notwithstanding the assignment by the receivers in said plea mentioned.

*Third.* That the said plea is in other respects uncertain, informal and insufficient.

It does not appear that the corporation plaintiff has been determined or proved to be insolvent, or adjudged to be dissolved in any suit or proceeding in Maryland under the said provisions of Chapter 263 of the Laws of 1894, and these provisions therefore seem to have no application to the subject now under consideration.

The pleas do not fully disclose the character of the said suit in equity by the creditors of the said corporation, but it is to be presumed that the Court had jurisdiction of the cause and that the appointment of said receivers was valid under the laws of Maryland. The powers of such receivers are defined by the said sections 269 and 274 of Article 23 of the Laws of Maryland of 1888, and among them is the power of receivers appointed before or after the dissolution of the corporation, to maintain suits either in their own names and capacities as such receivers, or in the name of the corporation for which they were appointed.

Receivers are the servants of the court appointing them, and they have no right to extra territorial powers. Whether a receiver will be permitted to sue in a foreign court is therefore discretionary with the court whose aid is invoked. By comity receivers are now generally permitted to maintain suits in other states for the protection of the interests and the enforcement of the claims of the corporations for which they were appointed, provided that the exercise of such privilege is not contrary to the policy of such states, or detrimental to the interests of their citizens, or to the interests of others who have acquired rights there.

*Beach on Receivers, Secs. 16–17–18 and 682 ; High on Receivers, Sec. 241 ; Hoyt vs. Thompson, 5 N. Y., 320 ; Runk vs. St. John, 29 Barb., 585 ; Hurd vs. Elizabeth, 41 N. J. L., 1 ; Bagby vs. Railroad Co., 86 Pa., 291 ; Lacoming Insurance Co. vs. Wright, 55 Vt., 526 ; Bank vs. McLeod, 38 Ohio St., 174 ; Hunt vs. Columbian Ins. Co., 55 Maine, 290 ; Metzner vs. Baur, 98 Ind. 425.*

In *Stockbridge vs. Beckwith, 6 Del. Ch., 72,* Chancellor

Saulsbury refused to grant to the receiver of an insolvent Maryland corporation, appointed by a court of that State, an injunction restraining the collection of judgments in *foreign attachment* proceedings in this State recovered against a resident of this State who was a debtor and garnishee of the said Maryland corporation. The Chancellor said : " In the case before me, creditors of the corporation represented by the receiver have intervened—two of these creditors are corporations of this State.   The other is resident in the State of New York ; but he has obtained a judgment in this State against the insolvent corporation of Maryland, and a judgment against a garnishee of that corporation, and is proceeding to collect the latter judgment.   There is no principle of law or equity that forbids his doing so."

That case is to be regarded as within the exception above stated, and not as impairing the general rule of comity.

In the case now before us no creditor of the Maryland corporation has intervened claiming any of its assets, nor does it appear that there is any policy of this State which would be contravened by allowing the said receivers to sue here.

It is not necessary, however, that we should now decide whether the said receivers or their said assignee may sue here, or in what form such action should be brought.

The proper time to deal with these questions will be when the receivers or their assignee shall sue here or apply for leave to do so.

The only question raised by the demurrers which we are now required to determine is, whether this action is properly brought.

The evident purpose of the order of the Maryland Court was to divest the said corporation of all control of its property and effects of every kind, and to place the same in the possession and control of the receivers, with power to collect the outstanding debts due or owing to the corporation, subject to the further orders of the Court.

It is evident that during the continuance of the said receiver-

ship the said corporation could maintain no action in Maryland for the recovery of its property or credits, as this would be inconsistent with and destructive of the powers vested in the receivers by the order of the Court and the laws of the State.

The powers conferred by the laws of one State can have no operation in another State except by comity, and therefore a corporation cannot as of right sue in any other jurisdiction than that from which it derived its corporate powers. The practice, however, is now universal in this country to permit by comity corporations of one State, having the right to sue there, to sue in the courts of another State unless the exercise of that privilege is repugnant to the interests or policy of such State.

*Bank of Augusta vs. Earle, 13 Peters, 519.*

But when by the laws of the State creating the corporation it has been deprived of the right to the possession or control of its assets, and the right to sue in the courts of such State for the recovery of any of its debts or rights of action, it would be unreasonable to ask the courts of another State, upon grounds of comity, to permit such corporation to sue there or to exercise any of the powers of which it had been deprived by the law of the State of its creation. In *Hoyt vs. Thompson, 5 N. Y., 340,* a case very similar to this, the Court say : " What kind of comity can that be called, which allows a foreign corporation to sue here in violation of the law of the State in which it was created ? A corporation not allowed to sue in its own State, certainly cannot be allowed by the friendly courtesy of another to bring its action there. The comity which allows a foreign corporation to sue in ordinary cases would forbid it in a case like the present."

The same comity which requires us to refuse to allow this corporation to sue here for the recovery of its assets, might also be properly invoked by the receivers against the corporation and its officers.

In *Bidlack vs. Mason, 26 N. J. Eq., 232,* the Chancellor said : " On principles of comity, the aid of this Court will be extended to a receiver of a foreign corporation seeking to obtain possession of

property of the corporation here, as against the officers of the company who may be endeavoring by fraud or subterfuge to withhold it."

The order of the Maryland Court appointing the receivers bound not only the parties to the suit but all residents and corporations of that State, and comity requires us to refuse to aid them in any attempt to nullify the laws of their own State.

In *Bagby vs. Railroad Co., 86 Pa. St., 291,* where a receiver of a corporation had been appointed by a court of competent jurisdiction in another State, it was held that creditors residing in that State were bound by the decree appointing said receivers, and could not attach assets of the corporation in Pennsylvania which the receiver claimed. The Court said that the allowance of such attachment would be " to infringe the comity we owe to the acts of their (the attaching creditors') own courts within their jurisdiction. Instead of comity, this would be unfriendliness, for they ask us to aid them in the violation of their own law."

In *Bacon vs. Horn, 123 Pa. St., 452,* where an assignment for the benefit of creditors had been made in another State, in accordance with the laws of that State, it was held that creditors residing in that State could not attach the assigned property in Pennsylvania. The Court say : " The plaintiffs come into this State to obtain an advantage by our law which they could not obtain in their own. They are seeking to nullify the law of their own State and ask the aid of our court to do so. This they cannot have. If for no other reason, it is forbidden by public policy and the comity which exists between the states."

*Richardson vs. Forepaugh, 7 Gray, 546,* and *Gilman vs. Ketcham, 84 Wis., 60,* are to the same effect.

The objection to this action is not that it is brought in the name of the corporation, but that it does not appear to have been so brought by the authority of any one having the right so to use the name of the corporation.

*Prima facie* this action was brought by the said corporation, for its own benefit, by its officers or agents, without the authority of

the said receivers or their assignee, and in disregard of the action of the Maryland Court and the Maryland laws.

While as has been said, it does not appear that the corporation has been dissolved, it does appear that by the operation of the laws of Maryland it has been stripped of the power to sue in the courts of that State.

To allow it to sue here, would be an unwarranted disregard of the laws of a sister State, instead of an act of comity.

This is not the case of a mere equitable assignment, not required to be noticed in an action at law. It is, so far as appears by the record, the case of a foreign corporation attempting to exercise here functions and powers of which it has been deprived by the State of its creation. This we cannot allow.

The demurrers are overruled.

The plaintiff's counsel of record having requested that a judgment of *respondeat ouster* be rendered, it is so ordered.