FRANK E. STECKEL *vs.* JAMES M. BARNES.

PLEADING—DEFECTS—WAIVER BY PLEADING TO DEFECTIVE PLEA.

The right to require the defendant to draw out his plea is waived by filing a replication to the plea, and while the court has power to permit the replication to be withdrawn in order that plaintiff may decline to reply to the plea, it will not do so, in the absence of peculiar and exceptional facts.

(*October* 12, 1914.)

PENNEWILL, C. J., and CONRAD, J., sitting.
*Robert H. Richards* and *Aaron Finger* for plaintiff.
*Saulsbury, Morris* and *Rodney* for defendant.
Superior Court, New Castle County, September Term, 1914.

ACTION OF ASSUMPSIT (No. 100, January Term, 1914) by Frank E. Steckel against James M. Barnes. On motion by plaintiff to amend replications by withdrawing the replications to

defendant's fourth plea, so that he may decline to reply to the said fourth plea until the same shall have been drawn out.   Application refused.

PENNEWILL, C. J., delivering the opinion of the court:

In the above case the plaintiff asks leave to amend his replications by withdrawing the replications to defendant's fourth plea, so that he may decline to reply to the said plea until the same shall have been drawn out.

The court are of the opinion that the motion must be refused for the reason that by failing to require the defendant to draw out said plea when he had the opportunity and before filing his replications, the plaintiff waived his right in that regard.   We are not unmindful of the fact that the constitutional and statutory provisions respecting the amendment of pleadings are very broad, but, as was said by the court in *Wright v. Wilmington City Ry. Co.*, 2 *Marv.* 141, 42 *Atl.* 440, "there are limitations, and they have been recognized through our reports."

One of those limitations, distinctly recognized in the case referred to, is, that if a party has the right to require the defendant to draw out his plea, or draw it out more fully and formally, and does not exercise such right but elects to plead, he waives the right and cannot successfully insist upon it after pleading.

In the case above mentioned release was pleaded, which upon motion of the plaintiff was drawn out but not fully and sufficiently to enable the plaintiff to intelligently plead thereto.   The plaintiff, notwithstanding the insufficiency, filed a general replication thereby taking issue upon the plea.   At the trial and "after the plaintiff had rested under the pleading and the defendant had put in evidence upon the point," the defendant asked leave to amend his replication.   It was held "too late on the part of the plaintiff to ask leave to amend."

It is true that the application in the present case comes before the trial, but we think it nevertheless falls within the reasoning and decision of the case to which we have referred.   In that case the court said:

"When you demanded that the plea of release should be drawn out fully and formally, you had a right to stand upon it, and if he did not so draw it out, you were not bound to plead. Upon application to this court we could have compelled him to draw it out within the terms of the law, in order that you might intelligently plead."

"You are too late in making this application. * * * This plea was generally pleaded. You did not put in the proper replication; you waived it—and that is one ground upon which the courts have held that it is too late; that is, after waiver."

We are aware of the decision given in the case of *Kirwan Mfg. Co. v. Truxton, 2 Penn.* 48, 44 *Atl.* 427, but that was an exceptional case, and the court expressly stated that it was not to be considered as an authority except in a like case under like circumstances.

Inasmuch as the court in that case went further perhaps than this court had ever gone before in allowing amendments, it may be well to refer to it more fully in order to show that it cannot be regarded as an authority in support of the present application.

The case had been continued at the preceding term with general leave to amend. At that time certain pleas in bar had been filed, but since the continuance the defendant had filed three additional pleas, two of which were pleas in abatement, and one a plea in bar. Counsel for defendant asked leave to withdraw his pleas in bar, leaving the pleas in abatement which had been filed since the preceding term; also to amend the third additional plea so as to make it a plea in abatement.

We quote from the concurring opinion delivered by Judge Grubb:

"In concurring with Judge Spruance in this decision, I simply want to add that this matter of allowing a party to withdraw his pleadings, or any portion of them, or to amend the pleadings, or any portion of them, is in the discretion of the court. I do not consider that an application of this kind, which is to introduce a plea in abatement after a plea in bar has been filed, would be granted by the court in every case; but where our discretion is appealed to, in a case having peculiar circumstances like this, I consider it is allowable. In this case, at the last term, it was admitted that the property of the plaintiff at the time of bringing this suit, was in the hands of a receiver in Maryland. It was also admitted that the receiver was not made a party. It was alleged by the counsel for the defendant, that they had no knowledge whatever of the appointment of said receiver until within a few hours prior to making the application for continuance, and had had no opportunity to avail themselves of any defense, if any, growing out of that fact; and the

court announced that they ought to have time to examine that question and to take such advantage of it as they were entitled to. The court therefore continued the case to the April term, to be pleaded to issue and ready for trial at said term under a peremptory rule.   *   *   *

"There may be cases in which the court would not exercise its discretion to the extent of granting such leave as we grant in this case, to withdraw a plea in bar and to file a plea in abatement. This decision applies to the particular circumstances and claims of this case and this application."

Judge Spruance in delivering the opinion of the court concluded by saying:

"Counsel for the defendant have examined into the question then raised, and have come to the conclusion that that fact (insolvency of the plaintiff) cannot properly be brought before the court except upon a plea of abatement, and to refuse this application would be wholly inconsistent with the ruling of the court   *   *   *   at the last term."

It clearly appears, therefore, that the court allowed the amendment because of the peculiar and exceptional facts of the case before them, none of which exist in the present case.

The court have the power in the present case, as the court had in the *Kirwan case*, to allow the amendments asked for, but we think such power should not be exercised when the case is at issue and the defendant has had the opportunity to obtain the leave now desired, and waived such right by pleading.

The application is refused.